## W. J. ILIFF v. A. B. ARNOTT.

1. JUDGMENT; *Entry After Close of Term.* If a judgment be ordered and its terms prescribed by the court during a term, it is a judgment rendered in term-time, although the entry thereof be not in fact prepared and transcribed on the journal until after the close of the term.

2. GARNISHMENT; *Payment of Judgment; Exemption.* Where an order is made directing the payment of money by a garnishee into court, and such order is obeyed, the money paid to the clerk, and by him applied in the satisfaction *pro tanto* of the judgment; and afterward, and nearly two months after the making of such order, the defendant in the judgment moves to set it aside and for an order directing the clerk to pay such money to him on the ground that it was exempt; and where the record does not purport to contain all the proceedings or testimony, or to show that defendant did not have actual notice of the garnishee proceedings while they were pending: *Held,* That an order overruling defendant's motion will not be reversed. Even though the money was in fact exempt, the defendant is not shown to have been prompt and vigilant in asserting his rights.

*Error from McPherson District Court.*

THE opinion contains a sufficient statement of the case.

*Frank G. White,* for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error, plaintiff below, holding a judgment in the district court of McPherson county against the plaintiff in error, filed an affidavit for the garnishment of one W. F. Schell. This affidavit was filed March 8, 1883, and the notice of garnishment was served on Schell the next

day.  On November 10, 1883, Schell answered that he had $20 in his possession belonging to defendant.  On the same day an order was made that he pay it into court, which was done.  On January 2, 1884, defendant filed his motion to set aside the garnishee order, and to order the clerk to pay to him the $20 paid in by the garnishee, on the ground that such money was a portion of the proceeds of the sale of defendant's homestead, and that he intended to use the same in the purchase of another.  In support of this motion he filed his own affidavit.  The same day the motion was overruled, and now he brings the case here on error.  He claims that the order of November 10th was a nullity because not in fact made until November 23d; that the district court of Saline county convened on November 19th, and that therefore the court was not in session in McPherson county on the 23d. The order reads: "And now on this 10th day of November, this case came on to be heard upon the motion," etc., and is signed, "Approved.—J. H. PRESCOTT, Judge."  Following which are the words, "Filed November 23, 1883.—H. C. PYLE, Clerk of the District Court."  The certificate of the clerk to the transcript certifies it to contain "true, full and complete copies of journal entries, as filed November 23, 1883," etc.  And upon that we remark that it would seem from the entry itself that the order was in fact made November 10th, that the entry of such order was not written out until afterward, and until its form had been approved by the district judge. Of course if a judgment is in fact rendered at a term, it does not cease to be a judgment of that term because the work of writing out the entry on the record is not performed until after its close.  And as this order purports to have been made on November 10th, which was nine days before the commencement of the term in Saline county, and as there is nothing to show that it was not made at such date, except that the form was not prepared and approved by the court and filed by the clerk until the 23d, it must be presumed to have been made at the time it purports to have been.  But there was nothing to prevent the district court of McPherson

43—31 KAS.

county from being in session on November 23d, and we are not to assume that it was not. (*The State v. Montgomery*, 8 Kas. 351.)

It is claimed that the money was exempt, because it was the proceeds of the sale of one homestead and intended to be used in the purchase of another. Assuming that it was so exempt, still we think the ruling must be sustained, for the question is not what is sufficient to defeat an application for an order in the first instance, but what is sufficient to compel the setting aside of such order several weeks after it has been made, and after its commands have been fully performed. There is nothing in the record to show that defendant did not have notice of all these proceedings as they occurred, and though the order was made either November 10th, or 23d, his motion was not filed until January following and until after the money had been paid in to the clerk and by him paid out. The record before us does not purport to contain all the entries, or all the papers or affidavits or other testimony. It simply purports to be a transcript of two certain entries, and of certain named papers and affidavits. What else there was before the district court we are not informed, and it is not sufficient ground for setting aside an order to show that there was a good defense to it at the time it was made. . A party may have a good defense to an action, but if he fail to make such defense when the case is called for trial, he will not be permitted to come in weeks afterward and say that the judgment was wrong and ought to be set aside, simply because he had a good defense. The same rule applies to an order. (Code, § 568.) The garnishee proceedings were pending from March until November, and no reason appears why during such time the defendant did not assert his rights. The record does not purport to be full, or contain all the proceedings. Perhaps it clearly appeared to the court that he was guilty of *laches* in not asserting his rights sooner. At any rate it does not appear affirmatively that he acted promptly, and it does appear that he waited until after the order had been made and its commands performed. We may

not presume error, and hence the order of the district court will be affirmed.

All the Justices concurring.