The Leavenworth, Northern & Southern Railway Company v. Mary Herley *et al.*

1. Cases, *Followed.* Cases with respect to witnesses testifying as to damages, referred to and followed.

2. Eminent Domain — *Compensation* — *Measure of Damages* — *Independent Trespasses.* The owner of land, taken and appropriated by a railroad company for railroad purposes in condemnation proceedings, can recover in such proceedings only full and complete compensation for all his losses suffered by him, with respect to his entire tract of land, as a result of such appropriation and the construction and operation of the railroad in a legal and proper manner; and cannot recover in such proceedings for independent trespasses committed by the railroad company or its agents outside of the land appropriated by the railroad company. For the recovery of damages for any such independent trespasses the land-owner must resort to some other action or proceeding.

*Error from Leavenworth District Court.*

THE case is sufficiently stated in the opinion. Judgment for plaintiffs *Herley* and others, on November 10, 1888. The *Railway Company* comes to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*L. B. & S. E. Wheat,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a condemnation proceeding instituted by the Leavenworth, Northern & Southern Railway Company to procure a right-of-way through certain lands in Leavenworth county, some of which lands belong to the present defendants in error, Mary Herley, David F. Herley, Emma Kennedy, William Herley, and Katie Herley. The commissioners awarded to the defendants in error $317.20 as the value of the land taken, and $475 as damages to the land not taken, making a total compensation to the defendants in error of $792.20. The defendants in error appealed to the district court, and in that court became the plaintiffs, while the aforesaid railway company became the defendant. Two trials were had in the district court. At the second trial, which was before the court and a jury, a general verdict and judgment were rendered in favor of the plaintiffs below and against the railway company, awarding to such plaintiffs the sum of $5,000 as damages. The value of the land taken and the damages to that not taken were not found separately by the court or jury. The railway company brings the case to this court and asks for a reversal of the aforesaid judgment for several reasons, among which are the following:

I. The railway company claims that the court below erroneously permitted certain witnesses for the plaintiff to testify directly as to the amount of the damages which the witnesses believed the plaintiffs sustained by reason of the defendant's procuring its right-of-way and constructing its railway across the plaintiffs' land, or, in other words, that the court below erred in permitting such witnesses to testify as to the amount which they believed the plaintiffs were entitled to recover as damages; and the railway company cites in support of this claim the following cases: *W. & W. Rld. Co. v. Kuhn*, 38 Kas. 675, 676, 677, and cases there cited; *L. & W. Rld. Co. v. Ross*, 40 id. 605, 606; *C. K. & W. Rld. Co. v. Muller*, ante, p. 85; same case, 25 Pac. Rep. 210, 211, and cases there cited. (See also, *Roberts v. Comm'rs of Brown Co.*,

21 Kas. 248, 253, and cases there cited; *Water Co. v. Knapp*, 33 id. 753, 756; *C. K. & W. Rld. Co. v. Dill*, 41 id. 737; *C. K. & N. Rly. Co. v. Neiman*, just decided.) We suppose that the railway company in the present case will admit that a witness sufficiently competent may testify as to the value of the land before the taking of the right-of-way and the value of the land afterward, and indeed as to *values* generally, so far as the same may have application to the case; and that he may also testify in detail with regard to the situation of the land, and with regard to all things connected therewith which might tend to render the land more valuable or less valuable, or which might constitute elements of value or want of value, or that might tend to prove value or a want of value; and that the witness might also testify as to every *fact* which might constitute an element of damage or tend to prove damage. (See the cases of *K. C. & S. W. Rld. Co. v. Ehret*, 41 Kas. 22, *et seq.*, and cases there cited ; *Comm'rs of Smith Co. v. Labore*, 37 id. 480, 484, 485.) But the railway company claims that a witness cannot testify in comprehensive terms to the amount of damages which he may think the land-owner has suffered or may suffer by reason of the appropriation of the right-of-way. It has been suggested in favor of a witness's giving direct testimony as to the amount of damages to be recovered, that as the amount of the damages to be recovered is the final result to be reached upon the testimony of all the witnesses, each witness should be permitted to state in direct and explicit terms just how much he thinks the damages are. The railway company answers that this cannot be done, for the simple reason that the amount of damages to be recovered is the final result to be reached in the action, the final *fact* to be ascertained by the jury; and that the jury alone, and not the witness, is the proper tribunal to determine this fact, which is generally an exceedingly comprehensive and complex fact, depending upon and including innumerable details. Suppose that the plaintiff in an action for personal injuries — an action for assault and battery, for instance — should be a witness,

would it be proper to ask him such questions as these? "How much were you damaged?" "What is the amount of your damage?" "What amount are you entitled to recover?" We do not think it is necessary to determine whether the court below committed any material error in permitting witnesses to testify directly as to damages or not, and we shall therefore pass to the next question.

II. The railway company also claims that in cases like the present the owner of the land taken can recover only full and complete compensation for all his losses suffered by him, with respect to his entire tract of land, by reason of the appropriation by the railway company of its right-of-way, and of other lands, if other lands are taken, and by reason of the construction and operation of its railway in a legal and proper manner; and cannot recover in such cases for independent trespasses committed by the railway company or its agents outside of the land appropriated by the railway company; and that for the recovery of damages for any such independent trespasses the land-owner must resort to some other action or proceeding. And the railway company cites the case of *L. N. & S. Rly. Co. v. Usher*, 42 Kas. 637, *et seq.*, and cases there cited. (See also, *The State v. Armell*, 8 Kas. 288; *K. P. Rly. Co. v. Mihlman*, 17 id. 224; *Reisner v. Depot & Rld. Co.*, 27 id. 382, 389; *C. K. & W. Rld. Co. v. Grovier*, 41 id. 686; *C. K. & W. Rld. Co. v. Willits*, ante, p. 110; same case, 25 Pac. Rep. 576, and cases there cited.) The railway company claims that the court below erred in permitting the plaintiffs below to recover for trespasses outside of the right-of-way; and we think so, too. Evidence was first introduced over the objections of the defendant by the plaintiffs concerning trespasses of this character, and the court afterward refused to instruct the jury as requested by the defendant, among other things, as follows:

"That the jury should not allow any damages to the plaintiffs on account of earth or trees having been thrown outside of the right-of-way appropriated, and on to the land of the plaintiffs, in the construction of the road."

On the contrary, the court gave to the jury the following, among other instructions:

"That in determining the amount of the plaintiffs' damages in this case, the jury should include  .  .  .  the amount of all damage to plaintiffs, if any, caused by the removal of earth from defendant's right-of-way in constructing its road on plaintiffs' land outside of such right-of-way, and placing such earth so near plaintiffs' land that from natural causes the same may have spread out over plaintiffs' land, and all damage to plaintiffs, if any, caused by the removal of stumps and trees and brush from that right-of-way on to plaintiffs' land outside of that right-of-way in constructing defendant's railroad."

The railway company claims that the foregoing refusal to instruct the jury, and also the giving of the foregoing instruction, constituted material error.   In this kind of proceeding the judgment for compensation can be only an award of damages, which cannot be enforced by execution; (*St. L. L. & D. Rld. Co. v. Wilder*, 17 Kas. 239, 247, and cases there cited; *L. & T. Rly. Co. v. Moore*, 24 id. 323, 328; *Water Co. v. Knapp*, 33 id. 752, 756, 757;) while every one knows that in a regular action for a trespass the judgment is otherwise, and can be enforced by execution.   It is probably not necessary to mention any of the other claims of error on the part of the railway company.

The defendants in error, who were plaintiffs below, answer the railway company's claims of error by saying that the questions are not properly brought or presented to this court; but after a careful consideration of the points made by the defendants in error, we are of the opinion that they are wholly untenable.   The proceeding in this court is founded upon a case, made in the district court for the supreme court, and in such a case thus made and brought to this court it is not necessary that the entire record of the case in the district court, or indeed any portion of the record thereof, copied literally, should be brought to the supreme court.   All that is necessary is, that the case-made for the supreme court should include therein a statement of so much of what occurred in the case

in the district court as will be necessary to present to the supreme court the errors complained of. (Civil Code, § 547.)

The defendants in error also present another matter as a defense to the claims of error made by the railway company. It seems that when the court below rendered judgment in favor of the defendants in error and against the railway company, it included in its judgment an order that the railway company, in order to be entitled to continue in the use of its right-of-way through the land of the plaintiffs below, should pay to such plaintiffs the aforesaid sum of $5,000, with interest, within thirty days. This judgment was rendered November 10, 1888, and of course the thirty days given by the court within which the railway company was required to pay said $5,000 has long ago expired. How these matters affect this proceeding in error it is difficult to understand. We suppose that the railway company has the right to institute proceedings in error in the supreme court to have the decision of the district court reviewed by the supreme court. (Civil Code, § 542; Const., art. 3, §§ 1, 2, 3.) We suppose, also, that it has the right to have a stay of proceedings in the district court while the case is pending in the supreme court. (Civil Code, § 551, *et seq.*) We suppose, also, that the railway company has deposited the amount awarded by the condemnation commissioners with the county treasurer and given bond as provided by law. (Act relating to Corporations, § 239; Gen. Stat. of 1889, ¶ 1395.) And we also suppose that the railway company has given a sufficient bond for a stay of proceedings in the district court while the case is pending in this court. But how can this matter affect this case as it is now presented? This same kind of proceeding was referred to in the case of *L. N. & S. Rly. Co. v. Whitaker*, 42 Kas. 634, and a remedy was there suggested. (See also, *Rld. Co. v. Callender*, 13 Kas. 496.) But counsel for the defendants in error say that these cases ought to be overruled so far as this matter is concerned. Counsel, also, for the defendants in error, in further reply to the claims of error made by the railway company, say that all

the authorities or decisions relied on by the railway company should be overruled.    We think otherwise, however.

For the error of the district court in permitting the plaintiffs to recover for independent trespasses, its judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.