Ann McKenna vs. Charles Lucas et ux.

PROVIDENCE—JANUARY 10, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Garnishment. Procedure. Discharge of Garnishee.*

After judgment for a plaintiff by default, a defendant is entitled, under the provisions of Gen. Laws R. I. cap. 254, § 25, to be heard on his motion to discharge the garnishee, and may show either that the fund was not attachable, or was exempt from attachment under Gen. Laws R. I. cap. 255, § 12.

(2) *Discharge of Garnishee. Evidence.*

Upon a motion to discharge a garnishee to the extent of the amount exempt under Gen. Laws R. I. cap. 255, § 12, oral evidence is admissible for the ascertainment of the requisite facts.

(3) *Pleading and Practice in Garnishment.*

Garnishment being a purely statutory proceeding, it is unnecessary that the exemption from attachment of a fund should be formally pleaded by a defendant, in the absence of the contemplation or requirement by the statute thereof.

(4) *Laches. Garnishment.*

Laches in asserting his rights cannot be imputed to a defendant who claims the exemption from attachment of a fund in the hands of a garnishee, before the affidavit of the latter has been fully completed, and before the garnishee has been charged.

ASSUMPSIT ON BOOK ACCOUNT. The facts are fully stated in the opinion. Heard on petition of plaintiff for a new trial on exceptions to the ruling of the Common Pleas Division. New trial denied.

TILLINGHAST, J. The exceptions taken in this case raise the question whether, after judgment for the plaintiff by default, the defendants are entitled to be heard on their motion to discharge the garnishee. The plaintiff contends that, as the defendants failed to answer the case, they have no standing in court. And also that by their non-appearance they are estopped from now claiming that the fund attached, or any part thereof, was exempt from attachment. He further contends that the exemption from attachment, claimed by defendants, must be set up by plea.

(1) We do not think that either contention is tenable. Gen. Laws R. I. cap. 254, § 25, provides that "The answer sworn to by a trustee shall be considered true in deciding how far said trustee is chargeable; but either party to the suit, or any claimant of the estate so attached, may allege and prove any facts, not stated nor denied by said trustee, that may be material in so deciding." Under this statute it is clear that it was competent for the defendants to show that the fund attached belonging to the defendant Honora Lucas was not attachable, and also that ten dollars of the fund attached belonging to the defendant Charles Lucas was exempt from attachment under Gen. Laws R. I. cap. 255, § 12. See *Thompson* v. *Roach*, 15 R. I. 417; *Lee* v. *Robinson*, 15 R. I. 369.

(2) Evidence that the fund sought to be reached was not attachable by reason of its being exempt from attachment under the last-named statute did not contradict or tend to contradict the affidavit made by the garnishee, and hence was not only admissible, but was material to the decision of the question raised by the motion to discharge the garnishee. It is true that in determining the amount of money in the hands of the garnishee belonging to the defendant in a given case oral evidence is not admissible, as "the statute prescribes the mode in which the liability of the garnishee is to be determined when he appears and makes affidavit; namely, by his affidavit and by his written examination supplementing it if such examination be taken." *Raymond* v. *Tinware Co.*, 14 R. I. 310. But where, as in the case before us, it is sought to be shown that a part of the money in the hands of the garnishee is exempt from attachment by law, a question is raised which is quite distinct from the primary one of the garnishee's liability, and for the determination of which the statute has prescribed no particular mode. The statute, however, does provide that ten dollars of the salary or wages of any debtor shall be exempt from attachment when the debt is not one for necessaries. And as it prescribes no particular mode for the judicial ascertainment of this fact, we see no reason why it may not be ascertained by the introduction of oral evidence, based on a motion to discharge the garnishee

to that extent.  For unless this course or some similar one can be resorted to by the defendant, he would lose the protection which the statute was intended to furnish.

(3)    As to the point which is made regarding the pleadings, it is sufficient to reply that as the proceeding is purely a statutory one (*Raymond* v. *Tinware Co.*, *supra*), and as the statute does not require or contemplate any formal pleadings, it is clear that none are necessary.

The cases relied on by the plaintiff in support of his contention that the defendants cannot be permitted to show that the fund was exempt from attachment, viz., *Conley* v. *Chilcote*, 25 Ohio St. 320, and *Osborne* v. *Schutt*, 67 Mo. 712, are cases which hold that it is not an available defence for the *garnishee* to show that the defendant in attachment was entitled to hold the money under the exemption laws of the State, as a garnishee can only plead to an attachment what tends to discharge him from the debt due to the defendant in the attachment.  See *Jones* v. *Tracy*, 75 Pa. St. 417.  In other words, that the statutory right of exemption is strictly personal and can only be asserted by the person in whose favor the right exists.  *Sherrible* v. *Chaffee*, 17 R. I. 195.  Here it is the defendants and not the garnishee who are claiming the exemption, and hence the cases cited are not in point.

(4)    Plaintiff further contends that even though the money attached was exempt, yet, as the defendants have been guilty of laches in asserting their rights, they are not entitled to claim the exemption.  In support of this contention he relies on *Iliff* v. *Arnott*, 31 Kan. 672.  That case, however, was very different from the one before us.  There the defendant waited until nearly two months after an order had been made directing the money to be paid into court by the garnishee, which was complied with, and also until after the money had been duly applied by the clerk to the satisfaction *pro tanto*, of the judgment rendered, he knowing of said proceeding and making no objection thereto.  And the court held, and very properly, that it was then too late for him to claim the exemption.  In the case before us the exemption was claimed by the defendants before the affidavit of the

garnishee had been fully completed—that is, before the interrogatories propounded by plaintiff to the garnishee had been answered—and hence it cannot be said that they did not seasonably assert their rights. Moreover, so far as the record before us shows, the garnishee has not yet been charged for any amount.

Petition for new trial denied, and case remitted to the Common Pleas Division for further proceedings.

*William F. Barry*, for plaintiff.

*Franklin P. Owen*, for defendants.