POWELL *et al.* v. JOHNSON-LARIMER DRY GOODS
CO. *et al.*

No. 4396.   Opinion Filed March 11, 1913.

(130 Pac. 945.)

1.   **APPEAL AND ERROR—Writ of Error—Filing—Time.**  By reason of chapter 18, p. 35, Sess. Laws 1910-11, this court is without jurisdiction to entertain an appeal commenced in this court more than six months after the rendition of the judgment or final order complained of.

2.   **SAME—Perfecting Appeal—Time.**  The time within which to perfect an appeal under said statute dates from the rendition of the judgment or order appealed from, and not from the entry thereof.

(Syllabus by the Court.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action between H. C. Powell and another and the Johnson-Larimer Dry Goods Company and others.   Judgment in favor of the latter, and the former bring error.   Dismissed.

*M. L. Holcombe,* for plaintiffs in error.

*A. J. Welch,* for defendants in error.

HAYES, C. J.   A motion to dismiss this appeal upon several grounds has been filed.   We need to notice only one of the grounds urged.   Judgment was rendered in the court below on March 13, 1912.   On the 18th day of the same month a motion for a new trial was overruled.   A journal entry overruling the motion for a new trial was agreed to and filed and entered on the 27th day of the same month.   The petition in error was filed in this court on the 26th day of September, 1912, more than six months from the date of the overruling of the motion for a new trial, and hence after the time allowed by chapter 18, p. 35, Sess. Laws 1910-11, which provides that "all proceedings for reversing, vacating or modifying judgments, or final orders, shall be com-

menced within six months from the rendition of the judgment or final order complained of."

It is well settled that this court is without jurisdiction to entertain an appeal that is not commenced within the statutory time for commencing same. *Healy v. Davis,* 32 Okla. 296, 122 Pac. 157; *Fairbanks-Morse & Co. v. Thurmond,* 31 Okla. 612, 122 Pac. 167.

Nor does the fact that the entry of the order overruling the motion for a new trial did not occur until several days after the rendition of the order have the effect to extend the time in which to perfect the appeal; for the statute provides that the time shall commence to run from the "rendition of the judgment or order complained of," and not from the entry of such judgment or order. *Iliff v. Arnott,* 31 Kan. 672, 3 Pac. 525; *Brown v. Clark et al.,* 31 Kan. 521, 3 Pac. 415; 2 Cyc. 797.

The appeal is therefore dismissed.

All the Justices concur.