## HOLMBERG v. WILL.

No. 5173.   Opinion Filed October 12, 1915.

(152 Pac. 357.)

1.   **APPEAL AND ERROR—Presentation for Review—Recital in Case-Made—Denial of New Trial.**  A motion to dismiss an appeal, on the ground the case-made does not show any final order of the trial court overruling plaintiff in error's motion for a new trial, will be denied, where the case-made contains a copy of the original judgment of the court and a copy of the motion for new trial, and a recital that the motion was overruled by the court and the action of the court excepted to.   Such recital in the case-made is a sufficient compliance with section 5241, Rev. Laws 1910.

2.   **SAME—Recital in Case-Made—Extension of Time.**  A recital in the case-made that upon the overruling of the defendant's motion for new trial he excepted to the court's action and gave notice of

appeal, and was allowed 60 days to make a case-made, and 10 days for the suggestion of amendments thereto, and 5 days to sign and settle, is a sufficient showing of an extension of time by the court to make and serve, sign, and settle the case-made.

3.   **SAME—Making and Serving—Extension of Time—Order.** But where an order is made by the judge in chambers extending the time to make and serve the case-made, such order is required by the statute to be entered in the minutes of the court, and it should be copied into the case-made.

(Syllabus by the Court.)

*Error from County Court, Harper County;*
*B. C. Krause, Judge.*

Action by James L. Will against Charles Holmberg. Judgment for plaintiff, defendant brings error, and plaintiff moves to dismiss. Motion denied.

*J. L. Griffitts* and *Gray & McVay,* for plaintiff in error.

*E. J. Dick* and *M. W. McKenzie,* for defendant in error.

BROWN, J.   The case presents error from the county court of Harper county. The defendant in error, plaintiff below, brought suit against the plaintiff in error, the defendant below, to replevin certain cattle and for damages. Trial was had to the court without a jury, resulting in a judgment in favor of plaintiff. Defendant appeals upon a petition in error and case-made.

Defendant in error moves to dismiss the appeal on the following grounds:

"(1)   That said case-made was not served within three days after judgment in said cause.   (2)   There is no final order or judgment overruling or sustaining plaintiff in error's motion for a new trial in the court below. (3)   That all assignments of error in the petition in error of the plaintiff in error are alleged errors occurring at

the trial, and there is no judgment or final order passing upon the motion for a new trial, or any exceptions saved, except assignments of error Nos. 5 and 6."

Service of the motion to dismiss was accepted by counsel for plaintiff in error, who filed a response thereto.

Ordinarily, this court does not render opinion on motions to dismiss appeals, where the same are denied. However, the questions presented here are of such frequent occurrence, and so much of the court's time is necessarily consumed in investigating and passing upon them, that it is deemed proper at this time to state definitely the holding of this court upon these questions, and thereby settle once for all these questions, so that there may be no longer any confusion in the minds of the bar as to our holdings.

We shall consider the grounds stated in the motion to dismiss in reverse order to that in which they are set forth. It is true, as stated in the third ground in the motion to dismiss, all the errors complained of are errors occurring at the trial, and that defendant in error's contention is true that the case-made does not contain a copy of the final order of the court below overruling or passing upon the motion for a new trial and the exceptions thereto. On page 29 of the case-made is a copy of the judgment of the trial court in due form, in favor of plaintiff below, which shows it to have been rendered on December 11, 1912. Following this, on page 30, is a copy of defendant's motion for a new trial, filed December 12th, setting forth the alleged errors of the trial court at the trial and included in the assignments of error in the petition in error filed herein. On page 28 of the case-made is a recital as follows:

"On the 30th day of December, 1912, the motion for a new hearing was denied by the court, upon which ruling the defendant excepted and gives notice of appeal to the Supreme Court of the state of Oklahoma. That 60 days is given defendant to prepare case-made, ten days to suggest amendments, five days to sign and settle, and an appeal bond fixed at $2,000 to be given by the defendant within ten days from the 30th day of December, 1912."

In this recital it affirmatively appears that defendant's motion for a new trial was overruled by the court and that he excepted thereto. The final judgment in the case had been entered and copied in the case-made, and a copy of defendant's motion for a new trial, filed in the court below, also appearing in the case-made, and the recital therein above quoted, shows affirmatively the action of the court overruling the motion for a new trial. This is all that is required by our statute.

Section 5241, Rev. Laws 1910, reads as follows:

"A party desiring to have any judgment or order of the county, superior, or district court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

Counsel have cited us to no decision of this court, or of any other court, holding that a failure to copy in the case-made the order of the trial court overruling the motion for a new trial is a fatal defect therein, when it contains a copy of such motion and a recital showing the same was overruled and exceptions taken, and we know of no such decision.

What we have said disposes of the second ground in the motion to dismiss.

The first and remaining ground in the motion to dismiss is that the case-made was not served on defendant in error within three days after judgment in the case. This was not necessary. It affirmatively appears, from the recital in the case-made above quoted, that the trial court granted 60 days in which to make and serve a case-made, ten days for the suggestion of amendments thereto, and to be signed and settled within five days thereafter. The case-made shows that the same was duly served upon counsel for defendant in error February 24, 1913, and it contains a waiver by defendant in error of the right to suggest amendments and an agreement that the same may be settled immediately without notice. It was signed and settled by the trial judge February 24, 1913, all of which was within the time allowed by the court for the making, serving, signing, and settling of the same.

We do not wish to be understood as holding that, where an order, extending the time to make and serve a case-made is made by the trial judge in chambers or otherwise than in open court, it is unnecessary to copy such order in the minutes or journal of the court. The statute requires this to be done, and in such case the order should be copied in the case-made.

The motion of defendant in error to dismiss the appeal herein is denied.

All the Justices concur.