# ST. LOUIS. & S. F. R. CO. v. TALIAFERRO.

No. 7694.    Opinion Filed October 10, 1916.

(160 Pac. 610.)

1. **APPEAL AND ERROR—Nature of Proceedings — Record— Statutory Requirements.** Article 25, c. 60, Rev. Laws 1910, contains complete provisions prescribing the requirements and regulating the procedure for bringing a case to this court by petition in error with case-made attached.

2. **APPEAL AND ERROR—Record—Scope and Contents—Case-made.** Only those matters essential to present the errors complained of need be brought up. The party under this procedure may make a case containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to clearly present the points involved, eliminating all unnecessary or irrelevant matter; and, when served and settled as herein authorized, it will be sufficient.

3. **SAME.** Section 5317, requiring orders made out of court to be forthwith entered on the journal of the court by the clerk, is directory, and compliance with said requirement that such orders be so entered is not essential to the validity of such orders, nor is it necessary that the case-made show affirmatively the recording thereof.

4. **SAME—Certificate of Trial Judge—Conclusiveness.** The certificate of the judge who settles and certifies to a case-made is **prima facie** evidence of the facts therein recited, and cannot be impeached except in the manner authorized by statute (Rev. Laws 1910, sec. 5248.)

5. **SAME—Orders Extending Time.** A recital in a case-made, duly certified to by the judge, that an order was made extending the time in which to prepare and serve case, where the substance of the order is contained in the case-made, is sufficient, and motion to dismiss because it does not affirmatively appear in the case-made that such order of extension has been recorded upon the journal will be overruled.

(Syllabus by the Court.)

*Error from County Court, Marshall County;*

*J. I. Henshaw, Judge.*

Action between the St. Louis & San Francisco Railroad Company and W. N. Taliaferro. From the judgment, the railroad company brings error. Motion to dismiss overruled.

*W. F. Evans, R. A. Kleinschmidt, E. H. Foster,* and *Kennamer & Coakley,* for plaintiff in error.

*Minter & Falkner* and *P. T. McVay,* for defendant in error.

HARDY, J. Motion is filed to dismiss this appeal because the case-made does not affirmatively show that the order extending the time to make and serve case-made, dated May 20, 1915, has been entered on the journal of the court as required by section 5317, art. 28, c. 60, and sections 5324, art. 29, c. 60, Rev. Laws 1910; which sections are as follows:

"Sec. 5317. Orders, made out of court, shall be forthwith entered by the clerk in the journal of the court, in the same manner as orders made in term."

"Sec. 5324. On the journal shall be entered the proceedings of the court of each day, and all orders of the judge in vacation or at chambers, and also all judgments entered on confession or default."

Undoubtedly these sections require that such orders be entered on the journal of the court, but the question here is whether the statutes require the fact of their having been recorded to affirmatively appear in the case-made.

The law regulating appeals by petition in error with case-made attached is found in article 25, c. 60, Rev. Laws 1910. Section 5241 of said article is as follows:

"A party desiring to have any judgment or order of the county, superior or district court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and

evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

And the following sections contain complete procedure for service, amendment, settlement, and correction of the case-made, and nowhere in this article is there any requirement that the case shall show the condition of the record or the performance by the clerk of any ministerial duties imposed upon him by other provisions of the statute. Whatever may be the requirement where a case is brought here on a transcript of the record, the requirements as to a case-made are embraced within this article. A case-made was intended to be shorter and less expensive than a transcript, and only those matters essential to present the errors complained of need be brought up. The party may make a case containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of, and all that this requires is just a plain, concise statement of what was done in the action, and then only such parts as are necessary to present the errors complained of need be included. When prepared, it is served upon the opposite party, who may suggest any amendments which he thinks' proper, and it is then upon notice of the time and place thereof presented to the judge for settlement. Section 5244 provides:

"* * * And if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause, and certified accordingly."

And by section 5248 it is declared:

"The certificate of the judge who settles and certifies the case-made shall be *prima facie* evidence of the facts therein recited, unless the case-made on its face shows

affirmatively that such certificate is in some material respect incorrect, or the said certificate be proven incorrect by affidavits or other competent evidence introduced in the appellate court in connection with a motion to correct the record or case-made."

These statutes provide the method by which a party desiring to have a judgment or order reversed may present in an abridged form enough of the proceedings to enable the appellate court to clearly understand the questions involved, and declare that the judge's certificate shall be *prima facie* evidence of the facts therein recited, and the correctness of such recitals may not be questioned unless the case-made shows on its face that such certificate is in some material respect incorrect or it may be proven incorrect by affidavits or other evidence in connection with a motion to correct the case-made. The statute does not authorize the certificate or the correctness of the recitals therein contained to be impeached on motion to dismiss as is here attempted.

In *Holmberg v. Will,* 49 Okla. 138, 152 Pac. 357, motion was made to dismiss because the case did not show a final order overruling the motion for a new trial, or that an order extending the time to make and serve case-made had been entered on the journal. The case contained a copy of the original judgment and a copy of motion for new trial, and a recital that the motion was overruled and exceptions saved, and also contained a recital that an extension of time was granted to make and serve case-made, and motion to dismiss was overruled. The opinion quotes from section 5241, *supra,* and then says:

"Counsel have cited us to no decision of this court or of any other court, holding that a failure to copy in the case-made the order of the trial court overruling the motion for a new trial is a fatal defect therein, when it

contains a copy of such motion and a recital showing the same was overruled and exceptions taken, and we know of no such decision."

This is the only opinion of this court, so far as we know, that cites this statute or undertakes to construe it. In discussing what was necessary for a case-made to contain, it was said in *Thompson et al. v. Fulton,* 29 Okla. 700, 119 Pac. 244, in the first paragraph of the syllabus:

"A 'case-made,' otherwise called a 'case settled,' or a 'case agreed upon,' or, more frequently, a 'case,' is a statutory method of preparing a 'record' for appellate review. It is a written statement of the facts in a case, agreed to by the parties, and duly authenticated by the judge who tried the case, and submitted to an appellate court for the purpose of obtaining a review of the alleged errors of law occurring in the proceedings of the court below, as shown in the record thus presented."

And in the body of the opinion it was said:

"To present errors for review, the case-made must embody a statement of so much of the issue, proceedings, and evidence, or other matters in the action, as may be necessary to bring to the notice of the appellate court, from an examination of the papers settled and authenticated as a case-made, the errors complained of. The object of the case-made is to reduce the size of the record, eliminating all matters immaterial to the question sought to have reviewed."

This section of the statute was originally taken from Kansas, and was construed by the Supreme Court of that state prior to its adoption here. The original act of 1877 (Laws 1877, c. 185) relating to a case-made in that state was entitled "An act reducing the expense of litigation in the Supreme Court."

In *Shumaker et al. v. O'Brien,* 19 Kan. 476, the Supreme Court of Kansas said:

"To comply with the statute, to present errors for review, it must embody a statement of so much of the issue, proceedings, and evidence, or other matters in the action, as may be necessary to bring to our notice, from an examination of the paper settled and authenticated as a case-made, the errors complained of. Again, one object, we know, of a case-made, an object not always appreciated by counsel, is to reduce the size of the record. It was thought that all matters immaterial to the questions sought to have decided might be left out, and only a short, concise statement of the question, and the facts upon which it arose, presented."

And again in *Neiswender v. James,* 41 Kan. 463, 21 Pac. 573, the court said:

"There are two methods of bringing a civil case up for review: One upon a case-made, and the other upon a transcript. In no other way can the appellate jurisdiction of the court to review such cases be invoked or exercised. The case-made may be very brief, much more so than a transcript, and the first named was devised mainly for the purpose of abridging the record and lessening the expense of a review. All that it needs to contain is a brief statement of the issues in the case, and so much of the evidence or proceedings as is necessary to a full understanding of the errors assigned."

And in *L. N. & S. Ry. Co. v. Herley,* 45 Kan. 535, 26 Pac. 23, we find this statement:

"The proceeding in this court is founded upon a case made in the district court for the Supreme Court, and in such a case thus made and brought to this court it is not necessary that the entire record of the case in the district court, or indeed any portion of the record thereof, copied literally, should be brought to the Supereme Court. All that is necessary is that the case made for the Supreme Court should include therein a statement of so much of what occurred in the case in the district court as

will be necessary to present to the Supreme Court the errors complained of. Civ. Code, sec. 547."

So, it appears that the purpose of a case-made is to abridge the record and reduce the expense of proceedings in the Supreme Court, enabling litigants to present a brief and condensed statement of the proceedings at the trial, showing only such matters as are necessary to clearly present the questions urged for review, eliminating all unnecessary and irrelevant parts. Indeed, it appears that it is not necessary that any part of the record be literally copied into the case-made, it being sufficient to include such parts as will clearly apprise the Supreme Court of the questions involved.

A number of decisions, basing their conclusion upon sections 5317 and 5324, Rev. Laws 1910, have held that it is necessary for the case-made to affirmatively show that both orders of the court and vacation or chambers orders were entered on the journal. These sections are not a part of the procedure regulating appeals by petition in error with case-made attached, but prescribe duties of a ministerial nature to be performed by the clerk, and, had it been the intention of the Legislature that a case-made should show the performance of these duties by the clerk, they would have been included in the statutes regulating the procedure in such cases.

The first decision to declare this rule was *Insurance Co. v. Gish*, 23 Okla. 824, 102 Pac. 708. In that case the record contained no recital that the order was made and failed to identify the order as an order in the case, and also failed to show that it was filed or recorded. The parent case of this class of cases is *Fife v. Cornelous*, 35 Okla. 402, 124 Pac. 957, and it is based solely upon the case of *Insurance Company v. Gish*.

*Holmberg v. Will, supra,* determined that it was not necessary for the case-made to affirmatively show that an order made by the court had been entered on the journal, and in effect overturned all previous decisions holding to the contrary where court orders were involved. The opinion in that case, however, by way of *dictum* says:

"We do not wish to be understood as holding that, where an order extending the time to make and serve a case-made is made by the trial judge in chambers or otherwise than in open court, it is unnecessary to copy such order in the minutes or journal of the court. The statute requires this to be done, and in such case the order should be copied in the case-made."

The language just quoted was not necessary to the decision of that case, and, while it comments upon the facts that orders other than those made in open court should be copied on the minutes or journal of the court, the opinion does not say that it is necessary for this fact to affirmatively appear in the case-made. The statute does require that such orders be entered on the journal, and also requires all judgments and orders to be entered on the journal of the court. Section 5143. The fact, however, that the judgment is not entered, does not prevent it from being effective so that an appeal would lie therefrom. In *Cockrell et al. v. Schmitt,* 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737, after quoting section 4603 of Wilson's Rev. & Ann. Stat., which is the same as section 5143, Rev. Laws 1910, it was said:

"It is clear that under this * * * provision it was the duty of the probate judge or his clerk to have entered the judgment in that case upon the journal of the court. It seems that they did not do so, as the only evidence offered to prove it was the appearance docket and journal entry aforesaid, and the question presented to us upon this alleged error is whether said judgment, having been ren-

dered in said court and not entered upon its records, can be proved by the character of evidence offered as above. We must answer the question in the negative. A judgment rendered by the court, although not entered as required by law, is valid as between the parties; but the record entry of the judgment itself must be introduced in evidence when made the basis of a claim in another action."

Chapter 18, Session Laws 1911, p. 35, requires that proceedings for reversing, vacating, or modifying judgments or final orders be commenced within six months from the rendition of the judgment or final order complained of. The court has uniformly held that, where petition in error was not filed within the statutory time from the date of the rendition of such judgment or final order, the appeal will be dismissed. *Powell et al. v. Johnson-Larimer D. G. Co. et al.*, 35 Okla. 644, 130 Pac. 945; *Thorn v. Harris*, 35 Okla. 645, 139 Pac. 906; *Anderson et al. v. Limerick et al.*, 43 Okla. 484, 143 Pac. 183; *Bodovitz v. Campbell et al.*, 43 Okla. 644, 143 Pac. 661; *Storm, v. Richart*, 49 Okla. 587, 153 Pac. 862. And this time commences to run from the date of the rendition of the judgment, and not the entry thereof. *Powell v. Johnson-Larimer D. G. Co., supra; Brown v. Clark, Adm'x,* 31 Kan. 521, 3 Pac. 415. Where the judgment or final order is pronounced and its terms prescribed, it is a valid judgment, although not transcribed on the journal until after the close of the term. *Cockrell et al. v. Schmitt, supra; Powell et al. v. Johnson-Larimer D. G. Co. et al., supra; Hiff v. Arnott,* 31 Kan. 672, 3 Pac. 525. There are decisions to the contrary, but such are based upon statutes providing that an appeal may be taken from a judgment "entered" against the party within a certain time after the judgment is "entered."

Had the Legislature intended that an order or judgment should be recorded on the journal before an appeal would lie therefrom, it would have required proceedings in error to be commenced within the statutory time from the "entry" or recording thereof. The statute does not fix any time during which orders and judgments shall be recorded, and it is a matter of common knowledge and observation, to the profession, that the court clerks of the state, especially during term time, are frequently behind in the work of writing up the journal of the court. No control over the clerk is given to litigants, and their rights ought not to depend upon the performance by him of his duties in the absence of a clear expression in the statute to that effect.

The statutes relied upon require the proceedings of the court, likewise all orders in vacation or chambers and all judgments entered on confession or default, and all orders made out of court, to be entered on the journal. There is no distinction in this requirement between orders made in open court and those made in vacation or at chambers, except that orders made out of court are required to be entered on the journal forthwith. Each and all of them are required to be entered on the journal. Section 5323 requires an abstract of all judgments and orders to be entered on the appearance docket, and section 5325 requires all judgments to be immediately entered on the judgment docket. These sections are part of article 29, c. 60, and there is as much reason for saying that the case-made must affirmatively show the performance of these duties by the clerk as there is to show the recording of judgments and orders on the journal. Thus, if it is a fatal defect for a case-made not to show affirmatively that a chambers order has been recorded, it is equally fatal

when it fails to show the recording of a court order. It was held in *Holmberg v. Will, supra,* that it was unnecessary for it to appear in a case-made that a court order had been so recorded, and a distinction has grown up in the decisions between the two classes of cases. Such a distinction is without reason and was not intended by the statute.

In *Champion et al. v. Oklahoma City Land & Development Co.,* 59 Okla. —, 156 Pac. 342, it was held that:

"A recital in the case-made of due extension of time and of the filing of such orders, together with the orders themselves, signed and filed, although one of such orders does not show the date of filing, is a substantial compliance with the law."

In *Midland Savings & Loan Co. v. Miller,* 53 Okla. 149, 155 Pac. 864, it was held that the appeal should be dismissed because the case-made failed to show affirmatively the recording of chambers orders. This opinion cited decisions rendered previous to *Holmberg v. Will,* and also cited that case in support of the conclusion reached. After the decision in *Midland Savings & Loan Co. v. Miller,* the case of *Graham et al. v. Graham,* 57 Okla. 672, 157 Pac. 740, announced the rule that it was necessary for the case-made to affirmatively show that a court order had been entered upon the journal.

There is a conflict in the decisions as to the necessity for showing in the case-made as to the recording of both classes of orders, and a distinction drawn in other decisions between the necessity for such showing as to court orders and orders made in vacation or chambers. Such a distinction has never been recognized in Kansas.

In *German Ins. Co. v. Kirkendahl et al.,* 64 Kan. 884, 67 Pac. 443, it was held:

"Although no record was made of an order extending the time in which to make a 'case,' the appeal will not be dismissed where the testimony sufficiently shows that such order was made."

In *K. C. L. Ry. Co. v. Langley*, 70 Kan. 455, 78 Pac. 858, the court had under consideration an order of extension made after chapter 380 of the Laws of 1903 became effective. The order was not filed as provided by that chapter, and it was claimed that the requirements thereof were mandatory and the failure to do so rendered further proceedings in the matter of settlement and signing the case-made void and ineffectual. The court declined to take this view, saying:

"There is nothing in this act which indicates that the filing of the order is an essential prerequisite to its becoming operative. Ordinarily the paper on which the order of a court or of a judge at chambers is written need not be deposited in the clerk's office to make it effective. It is well, as a measure of publicity and for its preservation, that it should be; but, unless it appear that such disposition is a prerequisite to its becoming effective, the requirement that it should be so filed must be held to be directory, and not mandatory. The rule, as stated by this court in *Jones v. State of Kansas ex rel. Atherby and Kingsbury*, 1 Kan. 273, 279, and reiterated in *State v. Yordie*, 30 Kan. 221, 223, 2 Pac. 162, is: 'Unless a fair consideration of the statute shows that the Legislature intended compliance with the provision in relation to the manner to be essential to the validity of the proceeding, it is to be regarded as directory merely.' We do not think that it can be fairly said that the provisions relative to the filing of the order of extension of time was intended to be essential to the validity of such extension. The proviso in which this requirement is embedded is merely incidental. No duty is imposed upon the party obtaining the extension to file such order. Indeed, it does not appear that the order is to come to his hands. It apparently serves no

purpose except to give notice to any one interested that the extension has been granted. We can say, at least, that in the absence of any showing of prejudice to the opposite party by the failure to file it, the case-made is not invalidated thereby."

The statute declares that the certificate of the trial judge shall be *prima facie* evidence of the facts therein stated, and the case-made in the case at bar contains a certificate of the trial judge that the same is a true and correct case-made, and we are justified in presuming, and, in fact, required to presume, that everything therein recited as having been done was done, and that if such were not so the defendant in error would have caused same to be corrected upon suggestion of amendments, or same would have been corrected by the judge, and, this not having been done at the time and in the manner provided by statute, defendant in error cannot in this court in this manner show such recitals to be untrue. This could only be done upon motion to correct case-made supported by affidavit or other competent evidence. In other words, the presumption that the case-made is correct will prevail until overcome by an affirmative showing in the manner pointed out by statute, which has not been done in this case. *A., T. & S. F. Ry. Co. v. Davis,* 64 Kan. 127, 67 Pac. 441.

In view of the conflict in the decisions above disclosed, we again state the views of this court to be that the rule announced in *Holmberg v. Will* is the correct rule and is here reaffirmed, and will be adhered to, and decisions to the contrary are, in so far as they conflict with the views therein expressed, and here reaffirmed, overruled.

It further appears that there is no distinction in the statute, and none in principle, between the requirements as to the showing of a case-made in reference to an order

made by the court and one made in vacation or at chambers, and we now express the view that where a case-made contains a recital showing that an order was made by the judge extending the time to prepare and serve case-made, and the substance of said order is embraced therein, this will be a sufficient showing until overcome in the manner pointed out by statute.

The motion to dismiss the appeal is overruled.

All the Justices concur.