## ASHINGER v. WHITE.

No. 14868—Opinion Filed Nov. 25, 1924.

Rehearing Denied Jan. 27, 1925.

**1. Appeal and Error — Judgment—Journal Entries—Directory Statutes—Case-Made.**

The statute requiring all judgments and orders to be entered on the journal of the court and to specify clearly the relief granted or order made in the action is directory, and compliance with said requirement that such judgments and orders be so entered is not essential to the validity thereof, nor is it necessary that the case-made show affirmatively the recording thereof.

**2. Judgment — Validity — Amendable Defects in Pleading.**

Where the trial court has jurisdiction of the parties and of the subject-matter, and the allegations in the pleadings are sufficient to challenge a judicial inquiry, the judgment rendered by the court is not void on account of an amendable defect or insufficiency in the pleadings, and it is not error for the court to refuse to vacate and set same aside for such reason upon petition filed by the plaintiff after the term.

**3. Appeal and Error—Presumption of Regularity—Amendments Treated as Made.**

Where the evidence and the record of the proceedings occurring on the trial of the case are not brought to this court, but only the pleadings, finding, and conclusions of the court and motions made after judgment, the presumption is that all of the proceedings of the court are regular and that the pleadings were treated by the parties as amended, where an amendment may be allowed.

**4. Constitutional Law—Equal Protection of Laws—Validity of Statute Allowing Attorney's Fee to Defendant in Libel Action.**

Section 500, Comp. Stat. 1921, authorizing a recovery by a defendant in an action for libel and slander, of an attorney's fee of $100 if a verdict is returned in favor of the defendant and the jury finds that the action was malicious and without reasonable provocation, is not in violation of the 14th Amendment to the Constitution of the United States and void in that it denies to the plaintiff the equal protection of the law.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by F. C. Ashinger against Bob White to set aside a judgment obtained by said defendant against the plaintiff at a previous term of court. Judgment for defendant, and plaintiff appeals. Affirmed.

S. A. Horton and Frank Ashinger, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

Opinion by FOSTER, C. This appeal is prosecuted by F. C. Ashinger, plaintiff in error, plaintiff below, against Bob White, defendant in error, defendant below, to reverse a judgment of the district court of Oklahoma county denying and overruling a motion to vacate a certain purported judgment rendered at a previous term of court.

The parties will be hereinafter referred to as they appeared in the trial court.

The record discloses that on the 20th day of October, 1921, the defendant obtained a verdict for the sum of $100 as an attorney's fee against the plaintiff in a certain action wherein the said plaintiff had sued the defendant, White, and other defendants for the sum of $5,000, as damages, on account of certain alleged wrongful and unlawful conduct in connection with his expulsion from the Carpenters Local Union, No. 276, of Oklahoma City.

An amended petition consisting of two causes of action was filed and afterwards dismissed as to all defendants except Bob White.

It was alleged in the second cause of action of plaintiff's amended petition that as a part of a general conspiracy to injure plaintiff in his business and to cancel his membership in said Carpenters' Union, the defendant did libel and slander plaintiff and cause him to be held up to public ridicule and contempt by calling him a "scab," and "scab carpenter," and also a "rat" and as a result he was not permitted to become reinstated in said union and to work as a union carpenter.

Defendant answered merely by way of general denial and on the issues thus presented the cause was submitted to a jury resulting as stated in a verdict for the defendant against the plaintiff for the sum of $100 as an attorney's fee. It appears that no judgment was ever pronounced by the court upon the verdict thus rendered except

the following entry on the appearance docket of the trial court:

"Oct. 20; Case comes on for trial, 14th; Jurors sworn. Five witnesses sworn. Judgment for defendant. For costs and $100 attorney's fees. Tax to plaintiff. Jury fee $5, Stenographer's fee, $2. Oct. 31st; entered judgment in execution docket."

The record before us fails to show that the judgment referred to was ever entered on the journal of the trial court. Neither does the record before us set forth any of the evidence introduced in the trial of the case, any of the rulings and instructions of the court thereon, nor any of the proceedings had at the trial in the district court, it being the contention of the plaintiff that the judgment is void on the face of the record submitted by him.

It is our opinion that unless section 500, Comp. Stat. 1921, pursuant to which the defendant was permitted a recovery of $100 attorney's fees, is unconstitutional and void, the other errors, if any were committed, of which the plaintiff complains, were errors, which the court committed in the rendition of the original judgment and as such can only be reviewed upon an appeal from that judgment, and not by motion to vacate a judgment filed after the term at which it was rendered.

The fact that the case-made on appeal fails to show affirmatively that the original judgment was entered at length on the journal of the court, would not necessarily oust the Supreme Court of jurisdiction on appeal from such judgment.

Holmberg v. Will. 49 Okla. 138, 152 Pac. 357; Railway Company v. Taliaferro, 58 Okla. 585, 160 Pac. 610.

The further contention made by plaintiff that the judgment was a nullity because it is based upon pleadings insufficient to authorize such judgment, and should be set aside as being outside the issues raised by the pleadings in the case, is, we think, without merit. It does not appear from an inspection of the judgment roll, that the trial court was without jurisdiction of the parties and the subject-matter of the action.

The record before us fails to disclose any of the proceedings taken at the trial at which a verdict was rendered in favor of the defendant for $100 attorney's fee, and in these circumstances it must be presumed, we think, that the trial court had before it such evidence as would have made its judgment responsive to such evidence, and to have au-

thorized such amendments of the pleadings as would have conformed them to both the evidence and the judgment.

In the absence of any of the evidence or proceedings had. at the trial of the original action, it must be presumed that the judgment was responsive to the evidence introduced, and that the pleadings were treated by the parties as amended to conform to both the evidence and the verdict. In Mulhall v. Mulhall, 3 Okla. 304, 41 Pac. 109, it is said:

"Where the evidence and the record of the proceedings occurring on the trial of the cause are not brought to this court, but only the pleadings, finding and conclusions of the court and the motions made after judgment, the presumption is that all of the proceedings of the court are regular, and that the pleadings were treated by the parties as amended where the case is one where an amendment may be allowed."

See, also, Harn v. Patterson, 58 Okla. 694, 160 Pac. 924.

In the case of Muegge and Wife v. Muegge et al., 104 Okla. 43, 230 Pac. 482, a judgment was upheld in the Supreme Court, which was shown to have been based upon an answer filed out of time without permission of the court, on the theory that the judgment was based upon issues and contentions acquiesced in by all the parties. The court in that case said:

"In an equitable action to set aside a conveyance of real estate, a judgment based upon an answer filed out of time without permission of the court, claiming a right to affirmative relief. against a codefendant, will not be set aside as being outside the issues raised by the pleadings in the case, where it appears that such answer joined issue with the codefendant upon matters introduced in the case by the answer of such codefendant. and where the facts and circumstances disclosed by the entire record show that such answer was regarded by all of the parties as forming the basis of a relief granted by the court at the trial."

Assuming, however, that the court did permit the jury to render a verdict upon evidence which was properly objected to at the trial, and which would not therefore have authorized an amendment of the pleadings to conform thereto, such error would not render the judgment void and subject to be set aside on motion filed after the term.

In Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, it is said:

"Where the trial court has jurisdiction of the parties, of the subject-matter, and the particular question involved, and the allegations in the original petition are sufficient to challenge a judicial inquiry, the judgment rendered by such court is not void on account of an amendable defect or insufficiency in the petition, and it is not error for the court to refuse to vacate and set same aside for such reason upon petition filed by defendant after the term."

In National Surety Co. v. Hanson Builders Supply Co., 64 Okla. 59, 165 Pac. 1136, it is said in the syllabus:

"Where the trial court, having jurisdiction of both the parties and the subject-matter, regularly renders a judgment, it is without power, after the expiration of the term, to set such judgment aside because of an error made in its rendition."

It must be presumed. in view of what has been said and of the authorities cited, that evidence was introduced without objection sufficient to justify an amendment of the pleadings, and to make the judgment responsive thereto, and therefore the judgment is not void and subject to be set aside on motion after the term because not founded upon a petition stating a cause of action for libel and slander and upon an answer thereto not specifically charging that the action was filed maliciously and without reasonable provocation.

It is urged that section 500, Comp. Stat. 1921, in so far as it authorizes a recovery, by defendant in a libel and slander action. of an attorney's fee is unconstitutional and void in that it deprives plaintiff of the equal protection of the law.

The case of C., R. I. & P. Railway Company v. Mashore, 21 Okla. 275, 96 Pac. 630, is relied upon as authority for the proposition stated.

In the case cited, the attorney's fee provision of the statute involved was not sustained, because it was held to be not applicable to plaintiff and defendant alike, and was therefore class legislation, and, deprived a defendant of equal protection of the law.

The section of statute involved in the instant case is as follows:

"If there be a verdict by a jury or finding by the court in favor of the plaintiff, the verdict and judgment shall in no case be less than one hundred dollars and costs, and may be for a greater sum if the proof justifies the same. And if there be a verdict in favor of the defendant, and the jury find that the action was malicious or without reasonable provocation. judgment shall be rendered against the plaintiff and in favor

of the defendant for his costs, including an attorney's fee of one hundred dollars."

. It should be observed that the statute quoted places the burden equally upon the plaintiff and defendant. It is true that in respect to the defendant the recovery is called an attorney's fee and the recovery by the plaintiff is not so designated. But in either instance the amount of the recovery is the same, both parties being penalized, the plaintiff, if he brings the action maliciously and without reasonable provocation, and the defendant,. if he unlawfully slanders or libels the plaintiff.

There is no discrimination or inequality as was apparent in the statute under consideration in the Mashore Case, supra. The rule announced in that case, therefore, has no application · in the instant case. Not only does the statute under consideration place the burden equally upon both plaintiff and defendant, but it applies to all alike without singling out any particular class of individuals.

Legislative enactments providing for the assessment of a penalty, against a plaintiff, where he maliciously and without reasonable provocation institutes a cause of action of the nature here involved, have generally been sustained by the courts as not violating the constitutional provision· guaranteeing equal protection of the law.

As was said in the case of Railway Company v. Mashore, supra, quoting with· approval from Coal Company v. Rosser, 53 Ohio State, 12:

"The legislative power to compel an unsuccessful party to an action—generally the defendant—to pay an attorney's fee to his opponent has received the attention of a number of courts of last resort, as well as laws which impose as a penalty, double damages or some similar penalty for some wrongful or negligent act injurious to another. Where the penalty has been imposed for some ˙ tortious or negligent act, the statute has generally, though not always, been sustained. * * *"

In Lowe v. Kansas, 163 U. S. 81, the Supreme Court of the United States held as follows:

"A person upon whose oath a criminal information for a libel is filed, and who is found by the jury, as part of their verdict acquitting the defendant, to be the prosecuting witness, and to have instituted the prosecution without probable cause and with malicious motives, and is thereupon adjudged by the court to pay the costs, and to be committed until payment thereof, in accordance with the General Statutes of Kansas of 1889, c. 82, par. 326, and who does not appear to have been denied at the trial the opportunity of offering arguments and evidence upon the motives and the cause of the prosecution, is not deprived of liberty or property without due process of law or denied the equal protection of the laws, contrary to the Fourteenth Amendment of the Constitution of the United States."

In 12 Corpus Juris, par. 926, page 1177, it is said:

"The Legislature may, in many cases, prescribe penalties for the violation of legal rights or the failure to perform legal duties. Thus it may impose a penalty for the nonpayment of taxes, for malicious prosecution, for failure to comply with the order of a Board of Health," etc.

Our conclusion is that the statute under consideration is valid and does not deprive the plaintiff of the equal protection ˙ of the law.

A careful · examination of the entire record convinces us that the trial court committed no error in denying and overruling motion of plaintiff to vacate the judgment of October 20, 1921, and that such judgment should be and is hereby affirmed.

By the Court: It is so ordered.