## GEARHARDT et al. v. MOULDER.

No. 10563—Opinion Filed March 7, 1922.

(Syllabus.)

**1. Pleading—Trial Amendments — Defects of Petition Cured by Proof.**

The court may, before or after judgment, in furtherance of justice, allow the petition to be amended to conform to the facts proved, and the judgment of the trial court will not be reversed because of defects or omissions in the petition, when such defects or omissions are supplied by the proof.

**2. Appeal and Error—Defective Petition—Amendment.**

When the sufficiency of a petition is not challenged in the trial court, and evidence is introduced without objection, and it appears that the substantial rights of the parties have not been affected, the petition may be amended in the appellate court to support the judgment of the trial court, if necessary, or the amendment will be deemed to have been made.

**3. Appeal and Error—Harmless Error.**

No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

**4. Same—Damages to Crops from Obstruction to Water Course—Instructions.**

Record examined, and held to disclose no reversible error.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by William T. Moulder against Fredericka Gearhardt and another for damages resulting from obstruction of water course and for abatement of nuisance. Judgment for plaintiff, and defendants bring error. Affirmed.

Geo. B. Rittenhouse, F. A. Rittenhouse, P. T. McVay, and Jarrett & Speakman, for plaintiffs in error.

Thos. G. Andrews, for defendant in error.

PITCHFORD, V. C. J. This action was commenced in the district court of Lincoln county, Okla., on the 21st day of May, 1917, by William T. Moulder, as plaintiff, against Fredericka Gearhardt and W. A. McPherson, as defendants, to recover damages alleged to have been sustained by plaintiff by reason of the obstruction by defendants of the natural water course leading through plaintiff's premises and down through the premises leased and occupied by the defendants immediately below the plaintiff's lease; it being alleged by plaintiff in substance that in times of heavy rainfall the natural flow of the flood surface waters running down upon the plaintiff's land from the lands higher up accumulated in a natural depression which led down across plaintiff's premises onto and across the defendants' premises and ran down and followed through such natural depression to its confluence with Quapaw creek; that in the spring of 1917, the defendants caused a dam to be built across such water course or natural depression in such a manner as to obstruct the flow of water down and through such water course or depression to such an extent that at various times thereafter, and during and immediately after heavy rainfalls, large volumes of water were caused by said dam to be accumulated and collected and to be dammed up and cast upon the premises of the plaintiff, thereby causing great quantities of sand and sediment and drift stuff to be deposited upon plaintiff's land to the great injury of plaintiff's leasehold interest in said land, and to the great injury and damage of his growing crops, all to the damage of plaintiff in the sum of $625.

The plaintiff prayed that said dam be declared a nuisance and abated as such, and asked for judgment for damages. The jury returned a verdict in favor of plaintiff, and against the defendants for $340. Judgment was rendered in accordance with the verdict, and defendants were enjoined from, in any manner, interfering with the flow of the water upon or across the land of plaintiff.

Defendants appeal, and for reversal of the judgment of the trial court assign as error: That the verdict is not supported by the evidence, and that the court erred in refusing to give the jury any instructions defining the measure of damages, and in refusing to give defendants' offered instruction No. 1, which defined the measure of damages. Defendants contend that the petition shows that plaintiff is seeking damages for permanent injury to real property, and that there was error in failing to properly instruct the jury on this question. We are unable to agree with defendants in this contention. From an examination of the petition, it clearly appears that the damages claimed consisted in causing plaintiff's crops to be destroyed and damaged, in addition to damaging his leasehold rights in the premises leased.

The petition, under another paragraph, was more specific in the allegation of damage to crops, in charging that there was an entire loss of two acres planted to corn, and that said two acres were ruined for agricultural purposes; that the reasonable value of said two acres of crops was $75; that the plaintiff had other crops on the east side of Brush creek, which it is alleged were injured in the sum of $150, and the damage to the agricultural rights of the plaintiff in the lands overflowed was alleged to be $400. The defendants demurred to the petition, which demurrer was overruled. No question as to the correctness of the court on overruling the demurrer is raised; no motion was filed asking that the petition be made more definite and certain as to nature of the damage to crops, or as to the character of the crops damaged.

The proof, however, on the part of the plaintiff, to which no objection was offered, showed that at least four acres of corn were destroyed; that three acres of the four were afterwards replanted and produced ten bushels to the acre, and that the adjoining land which was not overflowed and was free from sand produced from 40 to 50 bushels to the acre. The plaintiff testified that the land was worth for that year for agricultural purposes $20 per acre. There seems to be no conflict as to the value of the crops destroyed, therefore the jury was justified in placing the highest estimate; and that is, if the land would produce 50

bushels to the acre before the overflow, and only ten bushels after the overflow, then the three acres were worth to the plaintiff only one-fifth of what they were worth before the overflow, and the plaintiff would be entitled for the three acres to $48. One acre was ruined entirely, therefore the damages to the four acres could be estimated at $68.

Plaintiff further testified, without objection, that six acres of alfalfa were damaged; that the six acres produced nine tons; that this alfalfa was worth $20 per ton; that by reason of the water having been backed onto the six acres he only realized $10 a ton, which would be a loss on the alfalfa of $90. The above items of damage occurred prior to the filing of the petition.

During the trial, evidence was introduced without objection that on the 11th day of August, 1917, which was subsequent to the filing of the petition, there came another heavy rain which caused the water to back upon the plaintiff's land to a greater extent than it had before, and that the damage sustained on this occasion was the loss of one and one-half bales of cotton, valued at $150 per bale, and in 1918 there was an another heavy rain that completely covered ten acres of land, which was thereby rendered useless for agricultural purposes for that year, which, as the evidence shows, was worth $20 per acre for agricultural purposes. While there is no allegation in the petition as to the damage to the cotton or as to the damage occasioned by reason of the ten acres being covered with sand, however evidence as to these two items was introduced without objection, and shows that plaintiff was damaged by these items in the sum of $425. Adding the last sum to the damages occurring prior to May 31, 1917, plaintiff had been damaged in the sum of $583. We are of the opinion that the defendants cannot now complain of this evidence on the ground that the petition failed to mention the damages to the cotton and the ten acres of the land covered by the sand.

After the evidence had been introduced without objection, the court could have permitted the plaintiff to amend the petition to correspond with the facts proved. No request was made to amend the petition; however, the rule seems to be that the judgment of the trial court should not be reversed because of defect or omission in the petition, when such defects are supplied by the proof. When the sufficiency of the petition is not challenged in the trial court, and evidence is introduced without objection, and it appears that the substantial rights of the parties have not been affected, the petition may be amended in the appellate court to support the judgment of the trial court, if necessary, or the amendment will be deemed to have been made.

In Horton v. Early, 39 Okla. 99, 134 Pac. 436, the second paragraph of the syllabus reads as follows:

"(2) Where damages are sought to be recovered, and the only amendment made is to increase the amount or to add a new element of damage, and no objection to such amendment is made other than to object to answers to questions propounded to witnesses during the trial, no available error is presented on appeal."

Under the liberal rule obtaining in this state in allowing amendments to pleadings, there is little room for technicalities. The objects and purposes sought by the departure from the strict construction of the common law are that justice may be done by disregarding those defects and omissions not affecting the substantial rights of litigants.

In St. Paul Fire & Marine Ins. Co. v. Mittendorf et al., 24 Okla. 651, 104 Pac. 354, the fourth paragraph of the syllabus is as follows:

"(4) Where, in an action on an insurance policy, the petition alleged certain specific acts as a waiver of proof of loss, and in proof therof uncontradicted evidence was introduced without objection, sufficient to prove a waiver thereof upon other grounds, held that the petition will be considered amended so as to conform to the facts proved, and a waiver so proven fairly in issue."

In Mulhall v. Mulhall, 3 Okla. 252, 41 Pac. 577, the third paragraph of the syllabus reads as follows:

"(3) Where, on the trial of a case, one of the issues involved was upon a counterclaim, pleaded by the defendant in her answer, for money loaned the plaintiff, to which the plaintiff had replied by a general denial, and where it appears that in the trial of the case both plaintiff and defendant offered testimony upon the question as to whether or not the plaintiff had paid the counterclaim, which testimony was offered without any proper objection on either side, and where the trial court found on the issue in favor of the plaintiff, the case being one where the pleadings might properly have been amended, the Supreme Court, without determining the question as to whether proof of payment is admissible under a general denial, will consider the case as if the issue had been properly made by amendment, if that be necessary."

The defendants further contend that the trial court erred in failing and refusing to give the following instructions, offered by the defendants:

"The jury are instructed that the plaintiff by this action, in his petition, has asked for permanent damages, and that the measure of permanent damages is the difference between the value of the land prior to the alleged injury and the value of the land after the alleged injury; and you are further instructed that, where the obstruction complained of can be removed by the expenditure of labor and money, such an obstruction would not be a permanent obstruction which would entitle the plaintiff to recover permanent damages.

"You are therefore instructed, as a matter of law, that, in this case, the plaintiff is not entitled to recover permanent damages, and that the measure of the plaintiff's damage in this case, if any, is the injury to his growing crops, and such other permanent injury which you believe from the evidence, in this case, based upon a preponderance of the evidence, the plaintiff is entitled to recover.

"And you are further instructed that, in determining damages to growing crops, you should take into consideration the probable yield and the value thereof, less the cost, or probable costs, of raising such crops, if any, and the cost or probable cost of marketing such crops, after being produced and gathered from said premises."

The instructions offered by the defendants state correct principles of law, but they are not applicable in all respects to the facts in the instant case. It is disclosed by the evidence that the plaintiff was seeking damages for permanent injuries to the real estate, as the evidence discloses that if the dam were removed, the high waters would soon remove the sand which had accumulated. The jury could clearly find from the evidence that the claim for damages for 1918 was on the grounds that the ten acres covered by the sand were entirely useless for that year for agricultural purposes, and that the reasonable value of the land for such purposes was $20 per acre per year.

The defendants complain of the fifth paragraph of the court's instruction, which is as follows:

"If your verdict should be for the plaintiff, the measure of damages which he will be entitled to recover will be the diminished value to him of his leasehold interest in the land described in his petition, if any, together with the amount of injury done to plaintiff's growing crops, and the injury caused by the destruction of crops during the period of time complained of by plaintiff, during which the defendants maintained each obstruction, if any, not exceeding $625, the amount sued for by plaintiff."

Under the facts in the case, we fail to discover error in this instruction. As we have before stated, the evidence discloses that the sand would soon be removed from the land by the high waters if the dam were removed; in other words, there would be no permanent injury if there were no dam. The effect of verdict was that the defendants erected the dam without right, and the plaintiff was damaged thereby; however, should we hold that the instruction was erroneous, we are unable to see where and how the rights of the defendants could be affected thereby, as the damages suffered by plaintiff, as shown by the evidence, are greatly in excess of the amount of the verdict.

In City of Cushing v. High, 73 Oklahoma, 175 Pac. 229, the court said:

"The law is well settled in this jurisdiction that where the injury complained of is susceptible of remedy or abatement by the expenditure of money or labor, the owner is entitled to recover only such damages as have accrued on account of the impaired or lost use of his property up to the time of the suit. Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867. But one who is injured by the wrongful act of another may recover any pecuniary loss sustained by reason of such injury."

Section 6005, Rev. Laws of Okla. 1910, provides that:

"No judgment shall be set aside or a new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

From an examination of the entire record, we conclude that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.