**MUEGGE et ux. v. MUEGGE et al.**

No. 13279—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 12, 1924.

1. Appeal and Error—Theory of Case Below—Waiver of Irregularities in Pleadings—Issues.

In an equitable action to set aside a conveyance of real estate, a judgment based upon an answer filed out of time without permission of the court, claiming a right to affirmative relief against a codefendant, will not be set aside as being outside the issues raised by the pleadings in the case where it appears that such answer joined issue with such codefendant upon matters introduced into the case by the answer of the codefendant, and where the facts and circumstances disclosed by the entire record show that such answer was regarded by all of the parties as forming the basis of the relief granted by the court at the trial.

2. Same—Change of Theory on Appeal not Permissible.

Where as between two codefendants issues

are joined inconsistent with the issues raised by the petition, and the case is submitted without objection on such issues and judgment is rendered on that theory, the parties are bound by that theory on appeal and will not be permitted to change in this court a theory voluntarily adopted in the court below.

(Syllabus by Foster, C.)

Commissioners' Opinion. Division No 5.

Error from District Court, Grant County: J. W. Bird, Judge.

Action by Morris G. Muegge and W. C. Muegge, against Fred L Muegge, Mrs. Fred L. Muegge and A. Muegge, administrator of the estate of Gustavus A. Muegge, deceased, to cancel and set aside a deed. Judgment for $1,898.53 in favor of a codefendant, A. Muegge, against Fred L Muegge and Mrs. Fred. L. Muegge, and defendants Muegge and wife appeal. Affirmed.

McKeever, Moore & Elam, for plaintiffs in error.

J. B. Drennan and Sam P. Ridings, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the district court of Grant county, Okla., on April 4, 1921, by Morris G. Muegge and W. C Muegge, as plaintiffs, against Fred L. Muegge, Mrs. Fred L. Muegge, Mary Farrell Riley, Crystal I. Farrell, A. Muegge, as administrator of the estate of Gustavus A Muegge, and Eugene Farrell, guardian of Crystal I. Farrell, as defendant, to cancel a certain warranty deed given by common ancestors of the parties to the action to certain real estate in Grant county, Okla., on account of an alleged failure of consideration.

Judgment was rendered in favor of A. Muegge, administrator, against his codefendants, Fred L. Muegge and Mrs. Fred L. Muegge, for a recovery of the sum of $1,-898 53. to reverse which Fred L. Muegge and Mrs. Fred L. Muegge appeal.

The parties will be referred to as they appeared in the trial court.

The plaintiffs alleged that Gustavus A. Muegge, the father of all the parties to the lawsuit, in his lifetime had executed a deed to certain real estate in Grant county to defendants Fred L. Muegge and Mrs. Fred L. Muegge, in consideration of a written promise and agreement entered into by the parties at the same time. whereby the grantees in said deed. Fred L. Muegge and wife, agreed to pay the sum of $1 per day for the support and maintenance of the grantor and his wife during their lifetime,

alleged a breach of said consideration in that they had failed to pay the amount agreed to be paid in said contract for the support and maintenance of the grantors, and prayed a rescission and cancellation of the deed.

A. Muegge, administrator of the estate of Gustavus A. Muegge, grantor in said deed, was joined as a party defendant in said action presumably upon the theory to require him, as administrator, in the event the deed was canceled, to inventory said real estate as a part of the assets of the estate of Gustavus A. Muegge coming into his hands as administrator.

In their answer the defendants Fred L. Muegge and wife denied each and every allegation contained in the petition, except that they admitted the execution of the contract and deed, attached a copy of the contract to their answer in which it appeared that they agreed to pay the grantors the sum of $300 per year during their lifetime, and further specifically alleged that they had fully performed said contract and paid to the grantors the full amount agreed upon in said contract.

The plaintiffs filed a reply in the nature of a general denial of all matters contained in the answer inconsistent with the allegations of their petition.

Some six weeks after the answer day, and on the same day that issue was finally joined between the other parties to the action, to wit, June 21, 1921, the defendant A. Muegge, as administrator of the estate of Gustavus A. Muegge, filed an answer in which he asked that the petition of plaintiffs for a cancellation of the deed be denied, and demanded a personal judgment against the defendants for the sum of $3,300, which he alleged remained due and unpaid under the contract between Gustavus A. Muegge and the defendants, Fred L. Muegge and wife.

No reply to this answer was ever filed and the cause proceeded to trial before the court on the 3rd day of January, 1922, resulting in a judgment denying the prayer of the plaintiffs for a cancellation of the deed and awarding judgment to A, Muegge, an administrator of the estate of Gustavus A. Muegge, against his codefendants, Fred L. Muegge and wife, for the sum of $1,898.53, together with the costs of the action taxed at $42.

At the commencement of the trial, over the objection of the defendants Fred L. Muegge and wife, said defendants were required to assume the burden of proving payment of the amount specified in the contract and representing the consideration for the deed under which they claimed title.

The first proposition relied upon by the defendants Fred L. Muegge and wife as a ground for reversal is, that the trial court erred in imposing upon them the burden of proving payment at the commencement of the trial.

It is argued that the court confused the plea of payment to a demand for the payment of money with a plea of payment as an enlargement of a denial of the breach of the contract, which breach, under the allegations of their petition it devolved upon the plaintiffs to establish.

However, in view of the fact that the trial court denied the prayer of the plaintiffs for a cancellation of the deed and found in favor of the defendants Fred O. Muegge and wife upon this issue, the error of the court, if such it was, would not constitute an error of which the defendants ought to complain.

It is not contended that the action of the trial court in awarding judgment for the sum of $1,898.53, against Fred L. Muegge and wife in favor of their codefendant A. Muegge, as administrator of the estate of Gustavus A Muegge, deceased, was not supported by the evidence, but it is contended that the judgment should be set aside because it is not within the issues raised by the pleadings in the case. This contention cannot be sustained.

When the plaintiffs in error pleaded in their answer that they had purchased the real estate in controversy and paid for the same in full they introduced an issue into the case which A. Muegge, administrator of the estate of Gustavus A. Muegge, was justified in meeting and when the trial court found in their favor upon the issue of cancellation, and rendered judgment in accordance with the theory upon which they sought to have the case tried, they should not be permitted to change the theory thus adopted, in the Supreme Court, and claim that because the answer of the administrator was filed out of time without permission of the court that the judgment was not within the issues raised by the pleadings in the case.

A careful examination of the entire record discloses to our satisfaction that the answer of the administrator, although filed out of time without permission of the court, was, nevertheless, regarded by the parties as forming the basis of the relief granted by the court at the trial.

In these circumstances the objection that the pleading was filed out of time will be considered as waived. Wallace v. Killian, 40 Okla. 631, 140 Pac. 162; Harris v. First Nat. Bank, 21 Okla. 189, 95 Pac. 781.

It would seem that the original theory seeking a right of cancellation of the deed on behalf of the plaintiffs and seeking to charge certain of the defendants with damages for the use and occupation of the real estate in controversy for a number of years was by consent of plaintiffs abandoned after the defendants Fred L Meugge and wife had filed their answer alleging payment, and thereafter the matter proceeded as an action to recover unpaid purchase money, and the trial having proceeded upon this theory and having resulted in a judgment in favor of the administrator for an amount found to be d e as a balance of such purchase money, the judgment will not be set aside if the evidence reasonably tends to support it. The case was submitted on pleadings and contentions acquiesced in by all the parties concerned.

Being an equitable action to set aside a conveyance, the trial court, having before it the proper parties and having jurisdiction of the subject-matter, was justified in granting such relief whether legal or equitable as the circumstances of the case warranted. 4 R. C. L. page 519; Real Estate v. Callonious, 63 Mo. 290, American Annotated Cases, 1912A, 803.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.