FORD et ux. v. DANCER et al.

No. 13389—Opinion Filed Feb. 10, 1925.

**1. Appeal and Error—Right to Urge Error —Waiver by Pleading.**

Where a judgment is supported by the evidence in the case, it will not be reversed at the instance of a party to the action on the ground that he was not afforded an opportunity to interpose a defense where it appears from an examination of the entire record that such party, after plaintiff's action as to him had been dismissed, remained in the case under and by virtue of a cross-petition, filed by him against a codefendant and was permitted to contest and did contest the right of the plaintiff to recover in such action as against all parties, and upon all issues presented by petition filed in the case, and by his cross-petition filed against such codefendant.

**2. Cancellation of Instruments—Delay of Mortgagee in Approving Title.**

Where, in an action in the nature of a suit for the specific performance of an oral contract for the sale of real estate, the plaintiff, under the uncontroverted evidence introduced, is entitled to judgment for the proceeds of a mortgage executed by the purchaser to carry out the terms of sale, as against an agent of the purchaser, who, as mortgagee, had agreed to pay the proceeds of such mortgage to the plaintiff, such mortgage will not be set aside at the instance of the purchaser, who had fully executed the contract on his part and had accepted the benefits of the contract, because of delay by the mortgagee in approving the title and paying out the proceeds of the loan.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Choctaw County; E. F. Lester, Assigned Judge.

Action by D. H. Dancer and Bertha Dancer against W. F. Ford. Maudia Ford, W. H. Dancer, J. D. Parsons, and Equitable Farm Mortgage Company. to recover a money judgment. Judgment for plaintiffs, and defendants W. F. Ford and Maudia Ford appeal. Affirmed.

R. H. Stanley, for plaintiffs in error.

Everest, Vaught & Brewer and W. J. Holloway, for defendants in error.

Opinion by FOSTER, C. In this case. the defendants in error, D. H. Dancer and Bertha Dancer, instituted an action in the district court of Choctaw county, against W. F. Ford, and Maudia Ford, husband and wife, W. H. Dancer, J. D. Parsons, and the Equitable Farm Mortgage Company, a cor-

poration. to enforce the specific performance of an oral contract for the sale of 100 acres of land.

Some time previous to the trial, the Dancers dismissed their action as to the Fords. Answers were filed by W. H. Dancer, J. D. Parsons and the Equitable Farm Mortgage Company. A cross-petition to the answer of the Equitable Farm Mortgage Company was filed by the Fords.

Judgment was rendered in favor of the Dancers against the Equitable Farm Mortgage Company and in favor of the Equitable Farm Mortgage Company against the Fords denying them any relief under their cross-petition.

No appeal is prosecuted by the Equitable Farm Mortgage Company from the judgment rendered against it in favor of the Dancers and the judgment became final as to all parties except the Fords, who appeal to reverse the judgment obtained by the Dancers against the Equitable Farm Mortgage Company and the judgment in favor of the Equitable Farm Mortgage Company denying them any relief under their cross-petition. The Dancers will be hereinafter referred to as the plaintiffs and the Fords as defendants.

The record discloses that an agreement had been made orally between the plaintiffs and the defendants whereby the defendants agreed to purchase 100 acres of land from the plaintiffs for a consideration of $75 per acre.

It appears that the defendants already owned 160 acres of land in the vicinity of the 100 acres which they proposed to purchase, which was incumbered by a mortgage of $1,000 in favor of W. H. Dancer and another mortgage of about $500 in favor of J. D. Parsons, and it was agreed that the Fords should obtain a loan from the Equitable Farm Mortgage Company for $4,500 and secure the same by mortgage upon both tracts; that the proceeds of this loan should be applied in discharging the two mortgages held by Dancer and Parsons on defendant's land and the balance should be paid in cash to the plaintiffs to apply on the purchase price of $7,500.

A second mortgage was to be executed by the defendants to secure the balance of the purchase price. It was the claim of the plaintiffs that the Equitable Farm Mortgage Company was a party to this arrangement to the extent that it should pay the proceeds of the loan. which defendants agreed to obtain from it, not to the defendants. but to the plaintiffs upon approval by it of the title and that under this arrangement, the plaintiffs fulfilled each and every requirement made by the loan company in connection with the title to both tracts.

They further claimed in their amended petition that they entirely executed the contract on their part by placing the defendants in possession of the land and by causing the mortgages held by Dancer and Parsons to be released of record; that they had executed their deed to the defendants and left the same with the court; that the defendants had executed their mortgage to the loan company for $4,500 as contemplated by the contract; had executed and delivered their second mortgage to the plaintiffs and had wholly performed the contract on their part; that the mortgage company had approved the loan and the title by which it was to be secured and refused to pay the proceeds of the loan, only because the Fords wrongfully protested against the payment thereof by the mortgage company to them.

It was evidently the theory of the plaintiffs in their amended petition in view of their action subsequently in dismissing the action as to the defendants that the contract had been wholly performed by all parties except the mortgage company and that since the mortgage company was a party to the contract and had agreed to pay the proceeds of the loan to the plaintiffs, the only relief to which the plaintiffs were entitled in this situation was a judgment against the mortgage company for the proceeds of the loan.

It does not appear from the cross-petition of the defendants to the answer of the mortgage company that they rested their claim of right to a cancellation of the mortgages executed by them to the mortgage company and by it recorded, upon any defect in the title of the Dancers to the 100 acres, but they sought a cancellation upon the ground of delay by the mortgage company in paying out proceeds of the loan.

Evidence was introduced by the plaintiffs in support of their amended petition tending to show that the defendants had appointed the mortgage company as their agent to pass upon the title for them, and that plaintiffs had met every requirement of the mortgage company in connection with its examination of the title.

This evidence was not controverted by the mortgage company in any manner at the trial, and the judgment should not be disturbed unless it can be said that by conduct of the mortgage company in standing

mute at the trial and offering no testimony to controvert the showing of title made by the plaintiffs, the defendants thereby had a title forced upon them which was not merchantable, without any opportunity afforded them to establish its invalidity.

It is not contended by the defendants in their brief that they were prevented in any manner from controverting the evidence of the title offered by the plaintiffs by reason of the dismissal of the action against them, but it is admitted that they had an interest in preventing a judgment in favor of the plaintiffs against the mortgage company and were permitted to interpose objections to the evidence offered by the plaintiffs to establish an approval of their title.

It is obvious that the court could not render judgment in favor of the plaintiffs against the mortgage company for the proceeds of the loan and at the same time enter judgment cancelling the mortgage and the trial court and all parties interested, recognizing this fact, permitted the defendants to controvert the title relied upon by the plaintiffs, although the defendants had not incorporated in their cross-petition against the mortgage company any claim of right to relief on any defect therein.

The record shows very clearly, we think, that the evidence offered by the defendants to establish the non-merchantibility of the title of the plaintiffs was not excluded by the court on the ground that it was not within the allegations of their cross-petition, but upon the ground that a defect of title could not be established in the manner attempted.

There were no exceptions taken by the defendants to the action of the court in dismissing the action of the plaintiffs against them nor any allegation anywhere in any pleading filed by them, of an agreement by the plaintiffs to convey a better title than had been approved by the mortgage company as their agent nor any offer to rescind and redeliver the possession of the farm to the plaintiffs and if the title actually conveyed should prove to be defective or unmerchantable, the defendants have their remedy upon the covenants of title contained in their deed. Notwithstanding the dismissal of the defendants from the action, they still remain in the case by virtue of their cross-petition against the mortgage company and the record shows, we think, that they were afforded an opportunity to controvert, and did in fact controvert the claims of the plaintiffs which the mortgage company, as their agent, failed to do.

The trial court, thus having all parties before it and having admitted evidence on controverted issues acquiesced in by all of the parties at the trial, the judgment of the court will not be reversed, if there was sufficient evidence to support it. Muegge et al. v. Muegge et al., 104 Okla. 43, 230 Pac. 482.

It is further contended that the trial court abused its discretion and that the defendants were thereby prevented from having a fair trial in that the attorneys for the plaintiffs were permitted to object to certain testimony offered by the defendants in support of their cross-petition against the mortgage company.

We have already found, under issues and contentions acquiesced in by all the parties at the trial, that the validity of the title relied upon by the plaintiffs was a proper subject of inquiry in a proceeding by them to recover the proceeds of the loan in view of the theory of the plaintiffs that the mortgage company were parties to the original contract to the extent that they were to pay the proceeds of this mortgage to them instead of to the defendants.

In this situation the defendants were not precluded from controverting the title of the plaintiffs although no pleading had been filed by them raising that issue, as against either the mortgage company or the plaintiffs.

In view of the fact that the evidence offered by the defendants under their cross-petition against the mortgage company and objected to by the plaintiffs tended to impeach the title of the plaintiffs to the real estate which they agreed to convey in their contract with the mortgage company, we think the plaintiffs had a right to object to the evidence upon the ground that the same was a conclusion of the witness and hearsay and not proper evidence of defective title.

Therefore, we do not think the evidence itself was competent evidence of defective title in the plaintiffs to the 100 acres they were offering to convey, nor that mere delay by the mortgage company as agent of the defendants in paying out the proceeds of the loan can be taken advantage of by the defendants to defeat liability under their contract, in the absence of any complaint from the plaintiffs.

It follows that there was no competent evidence introduced by the defendants tending to defeat a recovery in favor of the plaintiffs against either the mortgage com-

pany or the defendants and the trial court committed no error in giving a peremptory instruction in favor of the plaintiffs and in rendering judgment for the proceeds of the mortgage. And since the trial court correctly established liability against both the defendants and the mortgage company, for the proceeds of the mortgage, it committed no error in refusing cancellation of the mortgage.

The contention that there was no sufficient evidence offered to establish liability against the Equitable Farm Mortgage Company in the absence of some agreement in writing on its part to stand for the default of the defendants, is, we think, untenable.

The evidence on the part of the plaintiffs tended to show that the mortgage company was primarily liable to them under the original contract and the conduct of the mortgage company through its representative in carrying out this contract and in looking to the plaintiffs to fulfill the requirements made by it as to the title and in dealing with the plaintiffs directly, shows this to be the case.

It is finally insisted that no brief has been filed in this court by either the plaintiffs or the Equitable Farm Mortgage Company, which this court has a right to consider and that the brief filed by the plaintiffs and adopted by the Equitable Farm Mortgage Company should be stricken from the files.

It is contended in view of the fact that no relief was asked by the defendants in their answer against any of the parties except the Equitable Farm Mortgage Company and in view of the fact that this company has not obtained leave of this court to file any brief there is nothing before this court to consider except the brief of the defendants, and that the cause should therefore be reversed.

We think a sufficient answer to this is found in what we have already said in this opinion concerning the parties to the litigation in the trial court and the issues there determined.

This court, for good and sufficient reasons appearing at the time, granted the plaintiffs permission to file a brief and the matter has now been reached in its regular order for an opinion upon the merits.

The motion of the defendants to strike the brief of the plaintiffs and the adoption thereof by the Equitable Farm Mortgage Company from the files is overruled and denied.

For the reasons stated, we think the judgment of the trial court is correct and should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 702; (2) 9 C. J. p. 1199.