**PURDY, Adm'x, et al. v. FOSTER.**

No. 14093—Opinion Filed March 24, 1925.

1. **Appeal and Error—Review—Amendment of Pleadings Regarded as Made—Conclusiveness of Verdict—Fraud of Vendor as to Acreage Conveyed.**

Where, in an action based upon a written contract, and deed to recover a sum of money representing the difference between the acreage of the land contracted for and the amount of the acreage actually transferred, at the rate of $37.50 per acre, which amount it was claimed plaintiff had overpaid the defendants, evidence was introduced on both sides without objection upon the issue of fraud and as to whether or not the defendants knowingly misrepresented or concealed from the plaintiff the amount and extent of the land conveyed, and where the court without objection fully instructed the jury upon the issue of fraud thus introduced into the case, the petition will be regarded as amended to conform to the evidence, and where evidence introduced by the plaintiff of fraud and concealment on the part of the defendants is sufficient to sustain the verdict of the jury, such verdict is conclusive on appeal to this court and will not be set aside on the ground that the action was based entirely upon the written contract.

2. **Same—Judgment Against Vendor Sustained.**

Record in the instant case examined, and held, that the verdict of the jury is reasonably supported by the evidence in the case.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Rogers County; Paul Sutton, Judge.

Action by R. H. Foster, against W. Purdy and Rosetta Purdy to recover money judgment. Judgment for plaintiff, and defendants appeal. Affirmed.

Jennings, Hall & Battenfield, for plaintiffs in error.

John T. Brown and W. H. Kornegay, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the county court of Rogers county, Okla., by R. H. Foster, defendant in error, plaintiff below, against W. Purdy and Rosetta Purdy, plaintiffs in error, defendants below, to recover the sum of $395.12, alleged to be due him under and by virtue of a certain contract and deed whereby the plaintiffs in error agreed to convey to the defendant in error 240 acres of land, located in Rogers county, Okla.

The parties will be hereinafter referred to as they appeared in the trial court.

Plaintiff alleged that by virtue of said contract and deed he agreed to pay, and did pay to the defendants, $37.50 per acre for 240 acres of land, but that the defendants, instead of transferring to him the land contracted for, only transferred and conveyed 231.49 acres, and that he thereby

overpaid the defendants to the extent of the difference between 240 acres and 231.49 acres, at the rate of $37.50 per acre, in the total sum of $319.12, for which sum he demanded judgment.

There were other allegations in plaintiff's petition claiming a right to recover for certain taxes paid, but since the jury did not return any verdict for the plaintiff for the taxes claimed, and since the plaintiff has not appealed from the adverse verdict of the jury on this phase of the case, it is not necessary to take this matter into consideration.

The defendants in their answer admitted the execution and delivery of the warranty deed described and set out in plaintiff's petition, and denied generally all other allegations of the petition.

The cause proceeded to trial before a court and a jury, and resulted in a verdict and judgment for the plaintiff in the sum of $319.12. Motion for a new trial was filed and overruled, and the defendants bring the cause regularly on appeal to this court on petition in error and case-made.

The trial court permitted, over objection by the defendants, the introduction in evidence of the written contract attached to plaintiff's petition for the sale of 240 acres of land described as the S. W. ¼ and the W½ of the S. E. ¼ of section 7, township 24 north, range 18 east, in Rogers county, Okla., and admitted in evidence, over objection, a certain purported United States land survey of section 7, township 24 north, range 18 east.

The defendants contend that the verdict of the jury is not sustained by the evidence, and that the court erred in not sustaining their demurrer to the plaintiff's evidence at the close of plaintiff's case, because the verdict was based upon the written contract and the United States land survey, which were improperly admitted in evidence.

It is contended that by the execution of the warranty deed, the contract in controversy was merged in the deed, and that since the plaintiff based his action and right to recover upon the contract, no cause of action based on the contract existed and it was error to admit the same in evidence.

It is undoubtedly a well-established rule of law that if a warranty deed has been executed voluntarily and without fraud, all previous negotiations, whether oral or written, leading up to and resulting in the deed will merge in the deed and no right of action can be based upon the prior negotiations. But it is equally well settled that if a party has been induced to enter into a contract, evidenced by warranty deed or otherwise, by the fraudulent conduct of another, the acts and conduct of such other party in procurement of the contract will not so far merge into the written contract as to defeat liability in an action for fraud and deceit in the procurement of the contract.

It must be borne in mind that plaintiff's action was not based entirely upon the written contract incorporated in his petition. It is true that no allegations of fraud and deceit were contained in plaintiff's petition, but the record shows very clearly, we think, that the defendants themselves introduced this issue into the case, and offered evidence tending to show honesty and good faith on the part of the defendants. Evidence tending to show fraud and concealment by defendants was introduced by the plaintiff without objection, and at the request of the defendants the court instructed the jury fully upon the issue of fraud, and in these circumstances the petition will be considered as amended to conform to the evidence introduced.

Our conclusion is that the merger rule invoked by the defendants has no application to the facts and circumstances of the instant case, and that the admission of the written contract was not prejudicial to the substantial rights of the defendants, and would not constitute reversible error.

It is next urged that the trial court erred in admitting in evidence a certain purported United States land survey of section 7, township 24, range 18 east.

It is sufficient to say that if the jury believed plaintiff's theory that the defendants knew of the shortage in the acreage at the time they executed and delivered the deed to the plaintiff, and notwithstanding this knowledge continued to represent to the plaintiff that the tract contained 240 acres, the proper identification and introduction in evidence of the survey mentioned would not be a matter of very great importance.

The proof required to establish a shortage is met, we think, irrespective of the United States land survey, by the introduction in evidence without objection of the tax receipts issued to the plaintiff, which described the portion of the land conveyed as fractional lots three and four, containing 71.49 acres, or the whole tract as containing 231.49 acres.

In view of the fact that there was evi-

dence introduced tending to show that the defendants knew of a shortage in the acreage at the time they sold the land to the plaintiff, and that they failed to disclose this information to the plaintiff, and on the other hand represented that the tract contained 240 acres, we think the introduction in evidence of the tax receipts sufficient to cast upon the defendants the burden of showing any inaccuracy in the recitals in said receipts, if any such inaccuracy existed.

In view of the introduction in evidence of facts and circumstances tending to show fraud independently of the warranty deed, the argument that by incorporating the words "more or less" in the description of the land conveyed, it was intended that the buyer should accept the hazard of a shortage under the rule announced in the case of Hickman et al. v. Hight, 91 Okla. 298, 217 Pac. 878, cannot be regarded as applicable or persuasive.

We are of the opinion that the judgment of the trial court is correct and should be and is hereby affirmed.

On appeal to this court from a judgment of the county court of Rogers county, Okla., supersedeas bond was filed, executed by the defendants, W. Purdy and Rosetta Purdy, as principals, and D. I. Brown and R. W. Candall, as sureties, to stay execution of said judgment, and the plaintiff has asked this court in his brief to render judgment against the bondsmen of the defendants as well as against the defendants. No response has been made to this request. Judgment of the trial court was rendered on the 16th day of February, 1922, for the sum of $319.12, together with interest thereon at the rate of six per sent. per annum from the 8th day of January, 1919, and for costs, and judgment will therefore be entered in this court against the defendants and sureties on said appeal bond for the sum of $319.12, with interest thereon at the rate of six per cent. per annum from the 8th day of January, 1919, and for costs. for which execution may issue.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 749, 849; (2) 39 Cyc. p. 2067.