ST. LOUIS-S. F. RY. CO. v. SIMMONS et al.

No. 15570—Opinion Filed June 2, 1925.

Rehearing Denied Feb. 9, 1926.

1. **Master and Servant—Injuries at Cross-ing — Negligent Speed of Train—Joint Liability of Railroad Company and En-gineer—Validity of Verdict Against Com-pany Alone.**

If the negligent speed of a train was maintained by the express direction of the defendant employer, it would be negligent and its negligence would concur with that of the defendant engineer who obeyed the instruction, and the right to recover against defendants would be joint; if, in such case, the verdict is based on the fact that the responsibility of defendants was joint, de-fendant company would not be prejudiced by failure of the jury to find against the defendant engineer.

2. **Removal of Causes—Waiver of Right to Remove Cause to Federal Court.**

The right to remove a cause from the state to the federal court may be waived by estoppel through the conduct of the party unequivocally evincing an election to proceed in the state court.

3. **Appeal and Error — Discretion of Court —Amendment of Pleadings — Defects Cured by Proof.**

The court may, before or after judgment, in furtherance of justice, allow the petition to be amended to conform to the facts prov-ed, and the judgment of the trial court will not be reversed because of defects or omis-sions in the petition, when such defects or omissions are supplied by the proofs. .

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Marshall Coun-ty; Porter Newman, Judge.

Action by F. L. Simmons against the St. Louis-San Francisco Railway Company and W. A. Yoacum, to recover for the alleged wrongful death of plaintiff's minor son. Judgment for plaintiff against the railway company, and the defendant railway com-pany appeals. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

Suits & Hall and Mathers & Coakley, for defendant in error F. L. Simmons.

Opinion by FOSTER, C. On the 14th day of March, 1923, the defendant in error, F. L. Simmons, as the father and next of kin of Bonnie Simmons, deceased, brought his action, as plaintiff, in the district court of Marshall county, against the plaintiff in er-ror, St. Louis-San Francisco Railway Com-pany, and the defendant in error W. A. Yoacum, as defendants, to recover damages for the alleged wrongful death of the said Bonnie Simmons at a public railway cross-ing near Ravia, Okla. Parties will be here-inafter referred to as they appeared in the trial court. Answers were filed by the de-fendants and the cause proceeded to trial before the court and a jury, resulting in a verdict in favor of the plaintiff against the defendant railway company for the sum of $5,000, and in favor of the defendant W. A. Yoacum. Immediately after said verdicts were returned by the jury, the defendant railway company filed its motion for judg-ment, notwithstanding the verdict, which motion was by the court overruled and ex-ceptions saved. During the pendency of the motion for a new trial filed by the defend-ant railway company, the plaintiff sought and obtained permission from the trial court to amend his original petition, charg-ing the defendant railway company with certain specific acts of negligence in failing to maintain its railway crossing and the approach thereto, at the point where the injury occurred, in a safe condition, and in allowing upon its right of way, imme-diately north of said crossing, certain ob-structions, by which, it was charged, an on-coming train could not be seen by persons using the crossing, and by which those in charge of the approaching train could not see the crossing. Immediately after said amendment had been allowed by the court, the defendant railway company, a nonresi-dent of the state of Oklahoma, filed its pe-tition for the removal of said cause to the federal court, together with a removal bond approved as provided by law, which petition for removal was overruled, and exceptions saved. Motion for new trial was there-upon filed by the defendant railway com-pany, overruled, exceptions reserved, and it appeals. The first proposition discussed by the defendant railway company in its brief and in the oral argument, as a ground for reversal, is that the trial court erred in overruling its motion for judgment notwithstanding the verdict of the jury. The argument is that under the allegations of the original petition filed by the plain-tiff, the only cause of action stated against the railway company was based solely up-on the doctrine of respondeat superior; that is to say, that the only negligent act or omission charged against the railway com-pany was that of its servant, W. A. Yoa-cum, and that since the jury had returned a verdict in favor of Yoacum, its motion for judgment notwithstanding the verdict should have been sustained. It is undoubt-

edly a well-established principle of law that where the only negligence charged in a petition against a corporation employer is that of its employe, joined as a codefendant in the action, a verdict in favor of the employe will exonerate the employer from liability, but this rule is subject to an exception as well established as the rule itself. The exception is that where other negligence of the employer concurs with that of the employe, and there is evidence to support the active concurring negligence of the master, a verdict against the employer will stand, although there is a failure to find a verdict against the employe. In the case of Benson v. Southern Pacific Company, 177 Cal. 777, 171 Pac. 948, the court held:

"If the negligent speed of the train was maintained by the express direction of the defendant employer, it would be negligent, and its negligence would concur with that of the defendant motorneer who obeyed the instruction, and the right to recover against the defendants would be joint."

See, also, Chesapeake & Ohio Railway Co. v. Dixon, 179 U. S. 131.

Paragraph 11 of the original petition jointly charged the defendants with carelessly and negligently driving and operating said train at a speed of 75 or 80 miles per hour at public crossing, as a result of which plaintiff's minor son was killed. If the engineer, Yoacum, was guilty of operating the train at a negligent speed without the defendant railway company's knowledge or consent, the company would be liable therefor only on the principle of respondeat superior. If, however, the negligent speed charged in the petition was maintained by the express direction of the officials of the company upon a schedule predetermined and fixed before the train started upon its journey, the railway company would, on that account, be negligent and its negligence would concur with that of the employe engineer, and the right to recover against the engineer and the railway company would be joint. The evidence reasonably tended to show that the train which struck the deceased was a special train conveying the officials of the company; that a special notice was sent out to the foreman of a section gang, that was working near the crossing where the accident occurred, to look out for this train, which was to be a fast train operated under a schedule which required the delivery of the train in Dennison, Tex., at a certain time: that at the time of the accident the train was some 25 minutes late and was running 60 or 65 miles per hour. The original petition, we think, was

sufficient to admit evidence of negligence by the defendant railway company distinct from the alleged negligence of the defendant Yoacum. If such concurring negligence was charged in the petition and reasonably supported by evidence introduced at the trial, it would support a judgment against the defendant railway company and a verdict exonerating Yoacum would not vitiate the finding against the company. McLaughlin v. Chief Consolidated Mining Company (Utah) 220 Pac. 726.

It is contended that in the absence of any charge in the original petition of specific acts of negligence on the part of the defendant railway company, in failing to maintain its crossing in good repair and in failing to remove obstructions from its right of way tending to obstruct the view from such crossing, that the trial court erred in submitting such issue to the jury over the defendant railway company's objection. Whether these acts of negligence were, as a matter of fact, charged in the original petition is a matter which, in the light of the record before us. it is not necessary for us to determine. Evidence of such defective condition was received at the trial without objection on the part of the defendant railway company, and evidence offered by it in contradiction thereof. In this state of the record, objections to the submission, by the court, of the defective condition of the crossing and of the right of way to the jury were properly overruled, and if there was any evidence reasonably tending to show negligence on the part of the defendant railway company, in respect of the manner in which it maintained said crossing and of its right of way in the vicinity thereof, a finding and verdict by the jury against the defendant railway company on these issues must be sustained on appeal. Gearhardt v. Moulder, 85 Okla. 200, 205 Pac. 141; Muegge v. Muegge, 104 Okla. 43, 230 Pac. 482; Purdy v. Foster, 109 Okla. 57, 234 Pac. 760.

As we understand the rule, where the trial proceeds on the theory that certain matters are within the issues raised by the pleadings in the case, and evidence is introduced as to such issues without objection, the petition will be regarded as amended so as to conform to the evidence introduced, and if there is evidence reasonably tending to support the judgment, it will be sustained on appeal in all respects as if the judgment were based upon issues raised by the pleadings in the first instance.

It is well settled that where a railway crossing is dangerous, because of its situation and construction, it is the duty of the

railway company to exercise such care and take such precautions as the dangerous nature of the crossing requires. M., K. & T. Ry. Co. v. Stanton, 78 Okla. 167, 189 Pac. 753. There was evidence reasonably tending to show that the plaintiff, on account of the rough and uneven condition of the crossing, was delayed and impeded in passing over the crossing, as the result of which his minor son was killed, and that by reason of the negligence of the defendant railway company in failing to clear from its right of way, in the vicinity of the crossing, certain obstructions, the plaintiff was prevented from observing the approaching train, as a result of which the accident occurred. Our conclusion is that acts of negligence against the defendant railway company, other than those based upon the doctrine of respondeat superior, were charged in the petition filed by the plaintiff and are disclosed in the evidence without objection, and that the trial court therefore committed no error in overruling defendant's motion for judgment notwithstanding the verdict.

It is next urged that the trial court erred in overruling defendant's petition to remove the case to the federal court. We are unable to agree with this contention. It is insisted that the action of the trial court in granting the plaintiff leave to amend his petition after trial for the first time disclosed the existence of a separable controversy against the railway company, which thereupon made the cause removable to the federal court, and that immediate compliance by it with the federal statute on the subject ousted the state court of jurisdiction. The right of removal, in a nonresident defendant, of his cause from the state to a federal court, is a right which must be exercised in due time and which may be waived and abandoned by an election to proceed in the state court. He cannot take his chances in the state court, and after an adverse decision in that court apply for and obtain a removal to the federal court and thus avoid the effect of the adverse decision in the state court. 23 R. C. L. 614; Manning v. Amy, 140 U. S. 137; Ann. Cas. 1913 A, page 1337 (Note). If the existence of a separable controversy does not appear from the petition filed in the case against the nonresident defendant, he may apply for and obtain the removal after answer, whenever the existence of such separable controversy is disclosed during the subsequent proceedings in the case, but in no event will the removal be allowed after the nonresident party has unequivocally elected to remain in the state court.

We have already determined that the defendant railway company, by failing to object during the trial to evidence offered by the plaintiff of the defective condition of the railroad crossing and of its right of way adjacent thereto, estopped itself to object that the issues thus introduced into the case were not properly submitted to the jury by the court in its instruction. These issues involved a separable controversy between the plaintiff and the defendant railway company, and by its failure to object to the evidence relating thereto at the trial and in voluntarily offering testimony thereon they were brought within the scope of the issues raised by the original petition in the case. In these circumstances, a failure of the defendant to object to a trial of these issues and in voluntarily contesting these issues must be regarded as an election, on its part, to proceed in the state court, with full knowledge on its part of the existence of a separable controversy between it and the plaintiff in the case. The situation is not materially different from that presented by the filing of a petition by the plaintiff containing specific allegations of negligence separate from those charged against its codefendant upon which it had joined issue by the filing of an answer within the time allowed by state law.

Keeping in mind the conduct of the defendant in failing to object, at the trial, to evidence introduced tending to establish negligence by the railway company in the maintenance of its crossing and right of way adjacent thereto, we do not think the action of the trial court in permitting the plaintiff to amend his petition after the verdict of the jury had been returned, constituted a substantial violation of any constitutional or statutory right of the defendant, in view of section 318, C. O. S. 1921 (art. 7) which provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading * * * by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense."

A number of other propositions are discussed by the defendant railway company, in its brief, as grounds for reversal, but we think that most of them have been disposed of in connection with our previous consideration of the case.

There was evidence reasonably tending to show that the plaintiff, before attempting to cross the track, stopped his team

some six or eight feet from the track, look-ed and listened for the approaching train and then proceeded across the track, and while on the track at said crossing, in the direct line of the approaching train, he dis-covered for the first time its approach, and that on account of the rough and uneven condition of the crossing on both sides of the rails and between the rails he was un-able to clear the track in time to prevent the collision; that before going upon the track, plaintiff's view of the approaching train was obstructed by trees growing along its right of way in a curve about one-quar-ter of a mile north of the crossing, and it was therefore within the province of the jury, if they believed this testimony, to find that the injury was the direct result of the negligence of the railway company, both in the manner in which it maintained said crossing, by which the plaintiff was pre-vented from clearing the crossing in time to prevent the accident, and in maintaining upon its right of way, adjacent thereto, growing trees and foliage which made it impossible for the plaintiff to observe the approach of the train before going upon the track.

It is insisted that the trial court erred in giving instruction No. 6 to the jury, but we do not think this instruction, when read in the light of the instructions as a whole, and in the light of the entire record and evidence. conflicts with the other instruc-tions in the sense that the jury was left to decide between conflicting statements of law on material issues in the case. We do not think this instruction warranted the inter-pretation placed upon it by the defendant, that it made the defendant liable. notwith-standing the plaintiff may have heard and seen the train approaching before going up-on the track, when read in connection with instruction No. 11, defining contributory negligence on the part of the plaintiff, which instruction. among other things, told the jury that if the plaintiff was negligent in going upon the track without looking and listening for an approaching train, he could not recover.

We cannot say that the verdict render-ed by the jury of $5,000 was based alone upon conjecture, or that the amount is so excessive as to indicate that the jury act-ed under the influence of passion and prej-udice. There was evidence in the record to the effect that the deceased, a child four years old at the time of the accident, was a healthy normal child, and that between the ages of 15 and 21 such person would be capable of earning, as a farm hand, $1.50 to $2 per day, and between the ages of 10

and 15 years, would be capable of earning about one-half of this amount.

Upon a consideration of the entire rec-ord, we are convinced that the judgment of the trial court was correct, and should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 26 Cyc. pp. 1545, 1580. (2) 34. Cyc. p. 1274; 23 R. C. L. p. 614. (3) 4 C. J. p. 750; 31 Cyc. pp. 448, 454; anno. L. R. A. 1916D, 841 et seq.; 21 R. C. L. pp. 577-579; 3 R. C. L. Supp. 1171, 1172; 4 R. C. L. Supp. p. 1421.